IN the INTEREST OF S.D.R., a child under the age
of 18 years:
S.D.R., Appellant-Petitioner,

v.

STATE of Wisconsin, Respondent.

Supreme Court

*No. 81–914. Argued November 3, 1982.—*
*Decided December 2, 1982.*

(Also reported in 326 N.W.2d 762.)

For the appellant-petitioner there were briefs and oral argument by *Margaret A. Maroney,* assistant state public defender.

For the respondent the cause was argued by *Sally L. Wellman,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, C. J.   This is a review of an unpublished decision of the court of appeals which affirmed the circuit court's order, Judge William D. Gardner, presiding, extending a juvenile dispositional order for 30 days pending a full hearing on the extension pursuant to sec. 48.365(6), Stats.

On January 18, 1980, legal custody of the appellant, S.D.R., was transferred to the Department of Health and Social Services after he was adjudicated delinquent by Judge Gardner. The dispositional order, which placed S.D.R. at the Ethan Allen School for Boys, was for a period of one year, with an expiration date of January 18, 1981.

On January 12, 1981, six days prior to the expiration of the dispositional order, the assistant district attorney petitioned for an extension of the order pursuant to sec. 48.365, Stats.[1]   The extension petition was based upon,

---

[1] Sec. 48.365, Stats., provides:

"48.365   **Extension of orders.**   (1) The parent, child, guardian, legal custodian, any person or agency bound by the dispositional order, or the court on its own motion, may request an extension of an order under s. 48.355. The request shall be submitted to the court which entered the order. No order under s. 48.355 may be extended except as provided in this section.

"(2) An order may be extended only pursuant to a hearing before the judge which shall include:

"(a) Notice to the child or the child's guardian ad litem or counsel, and to the parent, guardian, legal custodian and all the parties present at the original hearing.

and accompanied by, a commitment extension report prepared by a social worker at the Ethan Allen School. This report related S.D.R.'s offense history, adjustment to Ethan Allen, and potential for family reintegration. The report stated that while S.D.R. had made "modest gains"

"(b) A signed and filed court report by the person or agency designated by the judge who is primarily responsible for the provision of services to the child. The report shall contain a statement to what extent the disposition has been meeting the objectives of treatment, care or rehabilitation as specified in the judge's findings of fact. The statement shall contain:

"1. In cases of placements outside the home, an evaluation of the child's adjustment to the placement, progress he or she has made, anticipated future planning for the child, a description of efforts that have been made by all parties concerned towards returning the child to his or her parental home, including efforts of the parents to remedy factors which contributed to the transfer of the child, and an explanation of why returning the child to his or her home is not feasible.

"2. In cases where the child has not been placed outside the home, a description of efforts that have been made by all parties concerned toward meeting the objectives of treatment, care or rehabilitation, an explanation of why these efforts have not yet succeeded in meeting the objective, and anticipated future planning for the child.

"(c) Any party may present evidence relevant to the issue of extension. The judge shall make findings of fact and conclusions of law based on the evidence. An order shall be issued under s. 48.355.

"(3) The appearance of any child may be waived by consent of the child, counsel or guardian ad litem.

"(4) The judge shall determine which dispositions are to be considered for extensions.

"(5) All orders shall be for a specified length of time not to exceed one year.

"(6) If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date, the court may extend the order for a period of not more than 30 days.

"(7) Nothing in this section may be construed to allow any changes in placement or revocation of aftercare. Revocation and other changes in placement may take place only under s. 48.357."

at Ethan Allen, he continued to exhibit a need for a "high degree of structure and supervision." The report recommended that S.D.R.'s custody be extended for a period of one year in a highly structured alternate care facility such as a residential treatment center.

The court directed that the motion be heard on January 15, 1981, and notified the statutorily designated necessary parties. At this hearing defense counsel indicated that S.D.R. was contesting the extension and requested that a hearing on the merits of the extension be held prior to the expiration of the dispositional order to prevent a violation of S.D.R.'s right to liberty. The district attorney responded that the petition was timely filed, quoting sec. 48.365(6), Stats. Defense counsel complained that the court was unable to hear the case before the expiration of the dispositional order because of the failure of the district attorney's office to file a petition at an earlier date. She cited to the fact that the social worker's report was dated December 18, 1980, and that timely action on the part of the district attorney's office would have allowed a hearing before expiration of the disposition order. The district attorney did not know the exact date that his office received the report but stated that at most 10 or 12 working days passed from receipt of the report until the filing of the petition.

The court held that the petition was timely filed because sec. 48.365(6), Stats., provided authority to extend a dispositional order up to 30 days in order to hold a hearing as long as the petition is filed before the expiration of the order. The court found that it was unable to hear S.D.R.'s case before the expiration of the order because it had not been given enough advance notice. The court set the case for hearing on February 12, 1981, and extended custody over S.D.R. through that date.

At the February 12th hearing on the merits of the petition for extension, S.D.R. moved to dismiss the peti-

tion because the hearing had not been held prior to the expiration of the dispositional order, thus violating S.D.R.'s right to due process. The court expressed concern over the fact that the State, by delaying the extension, can cause a juvenile to be kept in the custody of the State for an additional period of time. However, it found no evidence that the district attorney's office had intentionally delayed the hearing in this case. The court also recognized that part of the delay was due to its own crowded calendar. The court denied the motion to dismiss, finding that sec. 48.365(6), Stats., permitted an extension for up to 30 days pending hearing. The court then proceeded to conduct the hearing on the merits of the extension. At this hearing S.D.R. was represented by counsel, called witnesses on his own behalf, and was allowed to cross-examine the State's witnesses. At the close of the evidence the court ordered the dispositional order extended for eleven months, with an expiration date of January 18, 1982, which was one year from the date the original order was to expire. The court found that S.D.R. was eligible to leave Ethan Allen and that he should be alternatively placed within three weeks.

S.D.R. appealed the extension of the dispositional order. He claimed that the temporary extension of custody pending a hearing pursuant to sec. 48.365(6), Stats., unconstitutionally deprived him of his liberty without due process. He also claimed that the statute was unconstitutionally vague because it failed to provide standards for the trial court to follow in determining when temporary extensions are permitted.

The court of appeals affirmed the trial court's orders concluding that pursuant to sec. 48.365(6), Stats., a juvenile does not have a liberty interest until one year and 30 days and that the statute was not vague. The court reasoned that sec. 48.355(4) and sec. 48.365(6) must be read together to permit the extension of a dis-

positional order for 30 days where the petition is filed before the expiration of the order and the trial judge is unable to hold a hearing. It found that this procedure was not fundamentally unfair. The court also reasoned that the inability to hold the hearing prior to expiration of the order was an adequate standard to guide the court in determining when such an extension may be granted. We granted S.D.R.'s petition to review.[2]

The principal issue on appeal is whether sec. 48.365 (6), Stats., which allows a 30-day extension of a dispositional order pending a hearing, deprives a juvenile of liberty without due process. Based on an examination of the Wisconsin Children's Code, ch. 48, Stats., we conclude that the statute does not violate due process because no liberty interest is violated until 30 days following the termination of a dispositional order if the petition for extension is filed within the period of the dispositional order.

Procedural due process basically requires that the State afford the opportunity to be heard at a meaningful time in a meaningful manner.[3] But the procedural guarantees of the due process clause apply only to government action which deprives a person of interests encompassed by the Fourteenth Amendment's protection of

[2] At the time we granted the petition to review and the submission of the briefs, S.D.R. remained in the custody of the Department of Health and Social Services as a result of dispositional orders entered subsequent to the orders involved in this appeal. However, S.D.R. has since been released to his mother's custody. Despite the mootness of this appeal we will proceed to the merits of the case because the issue raised is capable of recurring, yet evading review due to the short duration of juvenile dispositional orders. *State ex rel. McDonald v. Douglas Cty. Cir. Ct.*, 100 Wis. 2d 569, 572–73, 302 N.W.2d 462 (1981).

[3] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

liberty or property.[4] Therefore to determine in the first instance whether due process requirements apply, we must examine the nature of the interest at stake.[5] In order to have an interest which is protected by the due process clause

" 'a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.' "[6]

S.D.R. claims that his liberty was unconstitutionally restrained because he was confined past the expiration date of the original dispositional order without being afforded due process protections. The liberty interest asserted here, freedom from involuntary confinement, is clearly an interest protected by the due process clause. However, whether this liberty interest is implicated in this case depends on whether S.D.R. had a legitimate expectation of liberty at the expiration of the dispositional order.

S.D.R. was adjudicated delinquent in a proceeding in which he was accorded full due process protections. Following such a constitutional deprivation of liberty he had no legitimate expectation of release except as provided by the Children's Code. Thus the determination of whether sec. 48.365(6), Stats., deprived S.D.R. of due process depends on the legislature's intent as to when juveniles have a legitimate expectation of freedom under ch. 48.

---

[4] *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7 (1979); *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972); *Taplick v. City of Madison Personnel Board,* 97 Wis. 2d 162, 169, 293 N.W. 2d 173 (1980).

[5] *Greenholtz,* 442 U.S. at 7; *Board of Regents v. Roth,* 408 U.S. at 570–71.

[6] *Greenholtz,* 442 U.S. at 7, quoting *Board of Regents v. Roth,* 408 U.S. at 577.

S.D.R. contends that a juvenile has a statutorily created liberty interest at the end of one year. He relies solely on sec. 48.355 (4), Stats., which provides that all dispositional orders terminate at the end of one year unless the judge specifies a shorter time. We reject this analysis because it only looks to one subsection of ch. 48 in isolation. Rather an examination of the entire juvenile adjudication process under ch. 48 is appropriate.

The legislature in 1977 completely revised the Children's Code. Ch. 354, Laws of 1977. Under the Code as it existed prior to this revision, a juvenile who was transferred to the custody of the department remained subject to the original dispositional order until he or she reached the age of eighteen, unless the department discharged the child earlier.[7] The new Code completely revised this system and presently provides for a system which allows for at least yearly review of dispositional orders with procedural protections applicable at the original disposition and any subsequent dispositions.

At the time the juvenile is originally adjudicated delinquent, he or she is afforded a hearing with full due process protections.[8] The Code then envisions yearly review of the original disposition by placing a one-year limit on such orders which can only be extended by a specific request for extension.[9] Such a request may be granted only after a due process hearing is held on the merits of the extension.[10] These protections include notice to all parties and the right of each party to present evidence. The judge must make findings of fact and conclusions of law based on the evidence. Further, the party responsible for the care of the child must submit a very particularized report stating the extent to which

[7] Secs. 48.34 (3), 48.53, Stats. 1975.
[8] *See*, secs. 48.23 through 48.335, Stats. 1979–80.
[9] Secs. 48.335 (4), 48.365, Stats. 1979–80.
[10] Sec. 48.365 (2), Stats. 1979–80.

the objectives of the original order have been met. The order extending a dispositional order must be for a specified time not to exceed one year.[11]

The extension statute also provides for a 30-day extension of the original dispositional order pending the hearing. This is the provision at issue in this case, which provides:

"(6) If a request to extend a dispositional order is made prior to the termination of the order, but the court is unable to conduct a hearing on the request prior to the termination date, the court may extend the order for a period of not more than 30 days." Sec. 48.365 (6), Stats.

This statute is applicable in only limited circumstances. A temporary extension can only be granted when a request for such extension is filed *before* the expiration of the dispositional order. The extension is granted only if the court is unable to conduct the plenary hearing prior to the termination of the dispositional order. Further, the extension granted under this provision can not be for more than 30 days and the full hearing must be held within that period.

This review of the juvenile process provided for in ch. 48, Stats., leads us to the conclusion that the legislature intended the process to be viewed as a continuum. The process begins with full procedural due process protections and such protections are also provided at least on a yearly basis with the possibility of a temporary extension in order to schedule and conduct the extension hearing. The Code, when viewed in its entirety, did not set up a system whereby a juvenile is automatically released at the end of the dispositional order. Rather, under ch. 48 dispositional orders terminate at the end of one year *unless* the order is extended by the court for up to 30 days pending a plenary hearing, or for up to a

[11] Sec. 48.365 (5), Stats. 1979–80.

year following such a hearing. Thus the Code sets up a system of annual review guaranteeing procedural due process at least within one year and 30 days after the original dispositional order is entered.

The temporary extension provision is an integral part of the revised Code which provides for yearly review of juvenile dispositions. In changing from the system under the old Code, which allowed continued confinement until after eighteen without any review, the legislature deemed it necessary to allow a short additional period to accommodate situations when the court was "unable" to hold the extension hearing prior to the expiration of the dispositional order. Such a temporary extension is in the best interests of all parties involved in the juvenile process. "[T]he purpose of the hearing to extend the dispositional order is to evaluate the child's progress and to determine whether continued control is necessary."[12] The report which documents the child's progress and future needs can not be prepared too long before the end of the dispositional order or it will not accurately reflect the child's progress and needs. The legislature in providing for the 30-day period balanced the interests of the juvenile in having a hearing before the expiration of the dispositional order and having the benefit of the entire dispositional period to examine his or her progress. Further, the legislature recognized the problems of scheduling the plenary extension hearing into busy court calendars prior to the expiration of the order. Thus, through sec. 48.365(6), Stats., the legislature attempted to effectively and practically implement the annual review requirement of the revised Code.

Because the juvenile process under ch. 48, Stats., must be viewed as a continuum, including the temporary ex-

[12] *In Interest of R.E.H.*, 101 Wis. 2d 647, 652–53, 305 N.W. 2d 162 (Ct. App. 1981).

tension provision, we find that a juvenile does not have a legitimate expectation of liberty until up to 30 days following the expiration date of the dispositional order. Therefore, because S.D.R. had no statutorily created entitlement to liberty until up to 30 days following the termination of his original dispositional order, the due process clause has not been violated.

In conclusion, we reiterate that sec. 48.365(6), Stats., applies only if the request for extension is filed *before* the expiration of the dispositional order *and* the court is unable to conduct the required hearing prior to the order's expiration. We hold that the petition for extension should set forth some reason for requesting the extension. While a petition for extension filed one day before the expiration date is timely, we recommend that parties seeking to extend a juvenile disposition file such petitions, when possible, at a time which enables the court to conduct the plenary hearing prior to the termination of the order. We also urge trial courts to hold the plenary hearing as near as possible to the expiration of the dispositional order. However, under no circumstances may the dispositional order be temporarily extended for more than 30 days. The court must hear and decide the extension request within 30 days of the termination of the order.

The second issue raised by S.D.R. is whether sec. 48.-365(6), Stats., is unconstitutionally vague. S.D.R. contends that the phrase "but the court is unable to conduct a hearing" is vague because it does not provide sufficient guidance to the trial court in determining when a temporary extension should be granted. We disagree.

"Unless a statute is so vague and uncertain that it is impossible to execute it or to ascertain the legislative

intent with reasonable certainty, it is valid."[13] Sec. 48.365(6), Stats., clearly does not fall into this category. As discussed earlier, the legislative intent behind the inclusion of sec. 48.365(6) was to allow a leeway period in which to implement the annual review of dispositional orders envisioned by ch. 48. The provision applies only in circumstances where the petition for extension is filed so close to the expiration date that the court is "unable" to schedule and conduct the full due process hearing prior to the end of the order. We find that sec. 48.365(6) provides sufficient guidance to trial courts to determine when to grant temporary extensions. The standard of "inability" to conduct the hearing, in light of the purposes of the temporary extension provision as construed in this case, provides sufficient guidance to trial courts to protect juveniles from arbitrary and capricious granting of temporary extensions.

*By the Court.*—The decision of the court of appeals is affirmed.

DAY, J. *(concurring).* I agree with the majority opinion as written and write this concurrence for the purpose of stating that I disagree with the interpretation of the majority opinion given by Justice Abrahamson in her concurrence.

I am authorized to state that Justices Heffernan, Callow, Steinmetz and Ceci join in this concurrence.

SHIRLEY S. ABRAHAMSON, J. *(concurring).* The majority holds that S.D.R. was not denied his due process rights by the juvenile court's extension of his original dispositional order for up to 30 days pending a hearing on the extension petition, sec., 48.365(6), Stats. 1979–80.

The majority does not appear to address the issue of whether there must be a cause for the delay in holding

---

[13] *Forest Home Dodge, Inc. v. Karns,* 29 Wis. 2d 78, 94, 138 N.W.2d 214 (1965).

the extension hearing but notes that the facts of this case show that the hearing could not be held prior to the time it was held because the juvenile court was unable to schedule the hearing (*supra*, pp. 571–72). Therefore, the majority's holding, in light of the facts of the case, seems to require that, before granting the temporary extension, the juvenile court must determine, on the record, that a hearing cannot be held prior to the expiration of the original order, as the juvenile court did in this case.

The majority opinion qualifies its holding with the statement that the extension petition must only set forth "some reason" for requesting the extension (*supra*, p. 577). I interpret these words in light of the facts stated in the case to require more than a bare assertion that the extension was necessary. The majority affirmed the extension order in this case based on the facts that the extension petition was attached to a report containing a detailed analysis of S.D.R.'s progress and probable future needs (*supra*, pp. 569–70), allowing the juvenile court to make a reasonable assessment that there were sufficient grounds, if proved, to grant the request for extension. I therefore read the majority's opinion to mean that the extension petition should contain sufficient information to allow the juvenile court to conclude that if the facts recited in the petition and accompanying reports were true, the petition might be granted.

I would add to the majority's opinion that when the extension petition is filed so close to the expiration of the first dispositional order that holding a hearing before the order expires is nearly impossible, the petition should set forth reasons for the tardy filing. The practice of last-minute filing for no stated reason appears to be attributed only to human inclination to wait until the last minute to act. This practice should not be condoned in this kind of case.