## AMERICAN FAMILY MUTUAL INSURANCE COMPANY and American Standard Insurance Company of Wisconsin, Plaintiffs-Appellants,

v.

Jack R. ZIMMERMAN, Wayne L. Peterson, Kenneth H. Swan, Jolynn B. Swan, Jeffrey N. Lelinski, Christine Fectau, Gregory L. Fectau, Mary Wroblewski, Thomas Wroblewski, Ann M. Bach, Lynn A. Michalak, Frank Michalak, Charles T. Emmrich, Janice L. Jones, Judith Sebold, Wolfgang D. Sebold, Julie A. Zembrowski, Randy J. Piotrowski, David Hackbarth, Wendy K. Piotrowski, Steven W. Bach, Linden G. Jacobs, Capitol Indemnity Corporation, Racine County Mutual Insurance Co. and Blue Cross & Blue Shield United of Wisconsin, Defendants-Respondents,

Jack ZIMMERMAN, Jr., Third Party Plaintiff,

Roger KLINKHAMMER, Third Party Defendant.

Court of Appeals

*No. 90-2873. Submitted on a petition January 4, 1991.—Decided February 27, 1991.*

(Also reported in 467 N.W.2d 209.)

For the plaintiffs-appellants the cause was submitted on the petition of *James T. Murray, Jr.* and *John B. Stadler* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

For the defendants-respondents Capital Indemnity Corporation and Racine County Mutual Insurance Company a response was filed by *Arnold P. Anderson* of *Capwell, Berthelsen, Nolden, Casanova, Pitts & Kallenbach, Ltd.,* of Racine.

Before Nettesheim, P.J., Scott and Anderson, JJ.

NETTESHEIM, P.J. American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin appeal a nonfinal order[1] which declares that American Standard's policy limits of $100,000/$300,000 are available to injured claimants. One issue is presented: when coverage is mandated by the financial responsibility law, sec. 344.33(2), Stats., do the policy limits or statutory minimums of $25,000/$50,000 apply. We conclude that only the statutory limits apply and pursuant to Rule 809.21, Stats., summarily reverse the order of the circuit court.[2]

---

[1]American Family and American Standard filed a petition for leave to appeal the nonfinal order. The respondents concur that leave to appeal is appropriate. We grant leave to appeal to materially advance the termination of the litigation and clarify further proceedings. Sec. 808.03(2)(a), Stats.

[2]The respondents moved for summary affirmance pursuant to Rule 809.21, Stats. American Family and American Standard have not responded to the motion for summary disposition. Their arguments are presented in their petition for leave to appeal.

On his 1981 Pontiac, Jack Zimmerman has an American Standard policy with limits of $100,000/$300,000. Due to Jack's driving record, American Standard filed a Uniform Financial Responsibility Form with the Wisconsin Department of Transportation. The American Standard policy excludes coverage for "[b]odily injury or property damage arising out of the use of any vehicle, other than [Jack's Pontiac], which is owned by or furnished or available for regular use by [Jack] or any resident of [his] household." Jack's wife owned a Toyota pickup truck insured by American Family.

While driving his wife's pickup, Jack collided with a tractor-hay wagon. One of the twenty passengers in the hay wagon died and many others suffered serious injury as a result of the accident. As claims were made, American Family and American Standard commenced this suit for a determination of liability.[3]

American Standard's drive other car exclusion would usually shield it from any liability for this accident. However, sec. 344.33(2), Stats., provides that a policy issued for the purpose of complying with the financial responsibility law "shall insure the person named therein using any motor vehicle with the express or implied permission of the owner." The policy shall provide $25,000/$50,000 coverage. *Id.* Relying on sec. 344.33(6), American Standard claims that the drive other car exclusion is only voided to the extent of the required statutory coverage. The judgment appealed from declares that American Standard's policy limits are available to claimants.

---

[3]The circuit court's determination that the American Family policy on the pickup truck was in effect at the time of the accident is not at issue in this appeal.

The issue is one of statutory construction. It is a question of law which we decide independently of the circuit court's interpretation. *Wilber v. Fuchs,* 158 Wis. 2d 158, 162, 461 N.W.2d 803, 804 (Ct. App. 1990).

Section 344.33(6), Stats., provides:

> Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage is not subject to the provisions of this chapter. With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" applies only to that part of the coverage which is required by this section.

We conclude the statute is unambiguous in limiting the required coverage only to the statutorily stated minimums. This is necessary to encourage insurers to provide other types of coverage in excess of the minimums.

The respondents rely on two cases—*Laughnan v. Aetna Casualty & Surety Co.,* 1 Wis. 2d 113, 132, 83 N.W.2d 747, 757–58 (1957), and *Henthorn v. M.G.C. Corp.,* 1 Wis. 2d 180, 191–92, 83 N.W.2d 759, 766 (1957). These cases hold that the policy limits and not the statutory limits apply where coverage is found to exist because an insurance company filed the form declaring coverage for the purpose of providing security for past accidents. *Laughnan,* 1 Wis. 2d at 132, 83 N.W.2d at 757–58, explains:

> The form of SR–21 required by the commissioner of motor vehicles at the time of the accident contained a statement that the policy, whose number

and other identifying information, were to be inserted by the insurer, afforded limits of $5,000/$10,000 for bodily injury . . .. Aetna now submits that, if the SR–21 makes it liable, its liability is limited by the representation of $5,000/$10,000, which was the statutory minimum, sec. 85.09(5)(c), Stats. [1955], rather than by its policy actually issued whose limits for bodily injury are $10,000/$20,000. We are not able to agree. We consider that the SR–21 brings before the court the actual policy therein described, extended to include in its provisions the individual whom the SR–21 asserts is covered, and it is that policy which is thenceforth to be dealt with. Its terms are not to be varied to the insurer's advantage by the insurer's failure to correct the printed form in its recitation of policy limits. Aetna merely signed and filed the official form, but it did not thereby acquire policy limits different from those expressed in the actual policy which the SR–21 declared protected Dale Smith.

■ The statute relied on in *Laughnan* and *Henthorn,* the safety responsibility law,[4] did not include a provision with limiting language as is found in sec. 344.33(6), Stats. We conclude that construction of the safety responsibility law is not directly applicable to the inter-

---

[4]Section 85.09, Stats. (1955), was repealed in 1957 when a two-part financial responsibility law was created. *Keane v. Auto-Owners Ins. Co.,* 159 Wis. 2d 539, 549-50, 464 N.W.2d 830, 834 (1991). That portion requiring security for past accidents and construed in *Laughnan* and *Henthorn* is known as the safety responsibility law. Section 344.22, Stats. The provisions at issue here require proof of financial responsibility for the future and were formerly known as the financial responsibility law. *Keane,* 159 Wis. 2d at 548 n.12, 464 N.W.2d at 834.

pretation of the statutory requirements for proof of financial responsibility for the future.

Further, sec. 344.33(5)(d), Stats., states that the policy, its written application, and any rider or endorsement which does not conflict with ch. 344 "constitutes the entire contract between the parties." The financial responsibility form "is not a rider or endorsement of any sort." *Cardinal v. Leader Nat'l Ins. Co.,* 158 Wis. 2d 147, 156, 461 N.W.2d 799, 802 (Ct. App. 1990). Likewise, sec. 344.33(2) does not operate to amend the policy to create greater coverage than the statute requires. The plain meaning of sec. 344.33(6) requires that it be declared that American Standard's policy provides coverage for this accident only for the limits of $25,000/$50,000 set forth in sec. 344.33(2).

*By the Court.*—Order reversed.