Phillip James NUTTER, Plaintiff-Appellant,

v.

MILWAUKEE INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 91–0262. Oral argument September 12, 1991.—Decided February 27, 1992.*

(Also reported in 481 N.W.2d 701.)

For the plaintiff-appellant the cause was submitted on the briefs of *Paul J. Scoptur* and *Kelly L. Centofanti* of *Aiken & Scoptur, S.C.* of Milwaukee and orally argued by *Kelly L. Centofanti.*

For the defendant-respondent the cause was submitted on the briefs of *Susan R. Tyndall* and *Mary O. Levenhagen* of *Hinshaw & Culbertson* of Milwaukee and orally argued by *Susan R. Tyndall* and *Mary O. Levenhagen.*

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J.   Phillip Nutter appeals from a judgment declaring that the uninsured motorist coverage of his automobile insurance policy was not in effect at the time Nutter was injured in an automobile accident. Nutter canceled his policy the day before the accident. The trial court held that the ten-day notice of cancellation requirement provided in sec. 344.34, Stats.,[1] only applied

---

[1]Section 344.34, Stats., provides in part:

**Notice of cancellation or termination of certified policy.**
When an insurer has certified a motor vehicle liability policy under s.

to the liability coverage of his policy. We affirm.

## I.

Wisconsin's financial responsibility law, Chapter 344, Wisconsin Statutes, is divided into two subchapters: (1) Security for Past Accidents, sec. 344.12 to 344.22, and (2) Proof of Financial Responsibility for the Future, sec. 344.24 to 344.41. Under the Proof of Financial Responsibility for the Future subchapter, motorists whose licenses have been revoked because of poor driving records are required to supply proof of financial responsibility in order to have their operators licenses reinstated. *See* sec. 344.24, Stats. (1987–88).[2] The methods by which motorists may satisfy the financial responsibility requirement are specified in sec. 344.30, Stats.[3]

344.31 or a policy under s. 344.32, the insurance so certified shall not be canceled or terminated until at least 10 days after a notice of cancellation or termination of the insurance so certified has been filed in the office of the secretary.

[2]Section 344.24, Stats. (1987–88), provided:

**Applicability of sections relating to proof of financial responsibility for the future.** Sections 344.29 to 344.41 are applicable in all cases in which a person is required to deposit proof of financial responsibility for the future, including those cases in which a person is required to deposit proof of financial responsibility for the future under ss. 344.25 to 344.27 and those cases in which the deposit of proof of financial responsibility for the future is a condition precedent to reinstatement of an operating privilege revoked pursuant to ch. 343.

[3]Section 344.30, Stats., provides in part:

**Methods of giving proof of financial responsibility.** Whenever a person is required under ch. 343 or this chapter to give proof of financial responsibility for the future, such proof may be given by filing:

(1) Certification of insurance as provided in s. 344.31 or 344.32; or

(2) A bond as provided in s. 344.36; or

451

One method is by providing certification of insurance. Section 344.31, Stats.[4]

As a result of a poor driving record, Phillip Nutter was required by the State of Wisconsin to provide proof of financial responsibility for the future. Nutter applied for an automobile insurance policy with Milwaukee Insurance. Milwaukee Insurance issued Nutter a policy for April 7, 1988 to July 7, 1988.

The policy contained $25,000/$50,000/$10,000 coverage for third-party liability damage. This is the minimum allowable coverage for policies containing financial responsibility provisions. *See* sec. 344.33(2), Stats.[5] In addition, the policy contained $25,000/$50,000 uninsured motorist coverage and $1,000 medical services cov-

---

(3)   A certificate of deposit of money or securities as provided in s. 344.37; or

(4)   A certification of self-insurance as provided in s. 344.16 . . ..

[4]Section 344.31, Stats., provides:

**Certification of insurance as proof.** Proof of financial responsibility for the future may be furnished by filing with the secretary the written certification of any insurer duly authorized to do business in this state that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility or by transmitting such certification to the secretary by another means approved by the secretary. Such certification shall give the effective date of such motor vehicle liability policy, which date shall be the same as the effective date of the certification and shall certify coverage for any motor vehicle operated by the named insured.

[5]Section 344.33(2), Stats., provides in part:

**Motor vehicle liability policy.** A motor vehicle policy of liability insurance shall insure the person . . . with respect to each such motor vehicle as follows: $25,000 because of bodily injury to or death of one person in any one accident and, subject to such limit for one person, $50,000 because of bodily injury to or death of 2 or more persons in any one accident, and $10,000 because of injury to or destruction of property of others in any one accident.

452

erage. Neither of these types of coverage is required by the financial responsibility laws. Milwaukee Insurance filed a Form SR-22[6] with the Department of Transportation, certifying that it had issued Nutter liability coverage.

Less than a month later, Nutter asked Milwaukee Insurance to cancel his policy. On May 6, 1988, Nutter signed a policy release, stating "[n]o claims of any type will be made against the Insurance Company under this policy for losses which occur after the date of cancellation." The release was effective May 6. On May 7, the next day, Nutter was severely injured in a collision with an uninsured motorist.

Section 344.34, Stats., provides that an insurer may not cancel a certified motor vehicle liability policy until at least ten days after the insurer files a notice of cancellation. On May 12, Milwaukee Insurance filed a Form SR-26,[7] notifying the Department of Transportation of Nutter's cancellation. The effective date of cancellation was May 23, 1988.

Nutter filed a claim with Milwaukee Insurance, requesting coverage under the uninsured motorist coverage of his policy. Milwaukee Insurance denied coverage.

---

[6]SR-22 AAMVA Uniform Financial Responsibility Form. The form states that "[t]he company signatory hereto hereby certifies that it is has issued to the above named insured a motor vehicle liability policy as required by the financial responsibility laws of this State, which policy is in effect on the effective date of this certificate."

[7]SR-26 AAMVA Uniform Financial Responsibility Form. The form states that "[t]he company signatory hereto hereby gives notice that its Certificate or Notice as indicated above, heretofore filed on behalf of the named insured, is canceled or terminated as of the effective date stated above."

Nutter filed a complaint, seeking a declaration that, on May 7, his uninsured motorist coverage was in effect. Relying on sec. 344.34, Stats., Nutter argued that, as of May 7, the Milwaukee Insurance policy, including the uninsured motorist coverage, was still in force. The trial court concluded that the uninsured motorist coverage of the policy was separate from the liability coverage under the financial responsibility law, and that sec. 344.34 was only applicable to the latter. Accordingly, the trial court declared that the uninsured motorist coverage of the policy had been effectively canceled. Nutter appeals.

## II.

The construction of a statute and insurance contract provisions involve questions of law. *Martin v. Milwaukee Mut. Ins. Co.,* 146 Wis. 2d 759, 766, 433 N.W.2d 1, 3 (1988). We afford no deference to trial court determinations of questions of law. *Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

## III.

The Proof of Financial Responsibility for the Future subchapter requires that, as a condition precedent to reinstatement of a revoked operating privilege, motorists provide proof that they will compensate third parties for damages that might result from future accidents. *Keane v. Auto-Owners Ins. Co.,* 159 Wis. 2d 539, 548, 464 N.W.2d 830, 833–34 (1991). To satisfy this requirement, motorists may file a written certification by an insurer verifying that there is in effect a "motor vehicle liability policy." Section 344.31, Stats. Once certified, an insurer may not cancel a motor vehicle liability policy until at least ten days after the insurer files a

notice of cancellation with the Department of Transportation. Section 344.34, Stats.

Milwaukee Insurance does not dispute that, had Nutter been involved in an accident in which a third party in another vehicle was injured, it would have been required to compensate the third party under the liability coverage of Nutter's policy. That was the situation presented in *Lang v. Kurtz,* 100 Wis. 2d 40, 301 N.W.2d 262 (Ct. App. 1980). In *Lang,* the defendant failed to pay the premium due on his policy, which contained liability coverage under the financial responsibility law. Defendant's insurer, however, did not notify the Department of Transportation that it had canceled defendant's policy. Plaintiff, injured in an automobile accident with defendant, sued defendant and his insurer for damages. *Id.* at 41–42, 301 N.W.2d at 263–64.

Rejecting the argument that the policy had lapsed, we explained:

> Compliance with [the sec. 344.34, Stats.] notice requirement is essential to the effective operation of the financial responsibility law. Filing of the cancellation notice alerts the secretary of the Department of Transportation to the fact that an operator who was required to file proof of financial responsibility is no longer covered by insurance, so that the operator's license can be suspended or revoked until proof is again furnished.

*Id.* at 45, 301 N.W.2d at 265 (footnote omitted). We concluded, "the failure of an insurer to comply with the notice requirement set forth in sec. 344.34, Stats., precludes it from asserting that a previously certified policy lapsed and is no longer in effect." *Id.* at 47, 301 N.W.2d at 266.

455

Unlike *Lang,* the injury in this case was not to a third party. It was to the insured, Nutter. The liability coverage of Nutter's policy is therefore inapplicable. Nutter maintains, however, that the ten-day notice of cancellation requirement of sec. 344.34, Stats., is equally applicable to all coverage provided in the policy.

■

The primary source for construction of a statute is the language of the statute itself. *Hartlaub v. Coachmen Indus., Inc.,* 143 Wis. 2d 791, 797, 422 N.W.2d 869, 871 (Ct. App. 1988). A "motor vehicle liability policy" is defined as "a motor vehicle policy of *liability insurance.*" Section 344.33(1), Stats. (emphasis added). Section 344.01(2)(d), Stats., defines "proof of financial responsibility for the future" in part as: "[P]roof of *ability to respond in damages for liability* on account of accidents occurring subsequent to the effective date of such proof, arising out of the maintenance or use of a motor vehicle . . .." (Emphasis added.) Section 344.34, Stats., provides: "When an insurer has certified a motor vehicle liability policy under s. 344.31 . . . *the insurance so certified* shall not be canceled or terminated until at least 10 days after a notice of cancellation or termination . . .." (Emphasis added.) The only coverage "so certified" is that for liability damage under the financial responsibility law.

■

Reading Chapter 344, Stats., as a whole, we are persuaded that the legislature intended that its provisions only apply to liability coverage. "The purpose of the financial responsibility statutes is to provide a method of compensating for damages that may result from future accidents caused by negligence of the operator with a poor driving record." *Cardinal v. Leader Nat. Ins. Co.,* 166 Wis. 2d 375, 390, 480 N.W.2d 1, 7 (1992) (citing

*Gross v. Joecks,* 72 Wis. 2d 583, 589, 241 N.W.2d 727, 730 (1976), and *Lang,* 100 Wis. 2d at 44, 301 N.W.2d at 264). We do not believe the legislature intended by these provisions to provide a mechanism for first-party compensation. Having canceled his policy, Nutter voluntarily joined the ranks of motorists in Wisconsin who elect to drive without the protection of automobile insurance.

Our interpretation is supported by the language of sec. 344.33, Stats. Section 344.33(6), Stats., provides:

> **Excess or additional coverage.** Any policy which grants the coverage *required for a motor vehicle liability policy* may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and *such excess or additional coverage is not subject to the provisions of this chapter.* With respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" applies *only to that part of the coverage which is required by this section.* [Emphasis added.]

We have previously said that sec. 344.33(6) "is unambiguous in limiting the required coverage only to the statutorily stated minimums. This is necessary to encourage insurers to provide other types of coverage in excess of the minimums." *American Family Mut. Ins. Co. v. Zimmerman,* 161 Wis. 2d 97, 101, 467 N.W.2d 209, 210 (Ct. App. 1991).

Chapter 344, Stats., only "requires" $25,000/$50,000/$10,000 third-party liability coverage. Section 344.33(2), Stats. The uninsured motorist coverage is thus "additional coverage" and, by the terms of sec. 344.33(6), Stats., is "not subject to the provisions" of Chapter 344.

In addition, sec. 344.33(7), Stats., provides:

**Reimbursement provision permitted.** Any motor vehicle liability policy may provide that the insured shall reimburse the insurer for any payment the insurer would not have been obligated to make under the terms of the policy except for the provisions of this section.

Under sec. 344.33(7), if an insurer is required to provide liability coverage for damages incurred by a third party solely by operation of the financial responsibility law, it may recoup its losses from the insured, if the insured's policy so provides. *See Rural Mut. Ins. Co. v. Peterson,* 134 Wis. 2d 165, 174, 395 N.W.2d 776, 780 (1986).[8]

If Milwaukee Insurance was required to insure Nutter under the uninsured motorist coverage, Nutter would himself then be obligated under sec. 344.33(7), Stats., to reimburse Milwaukee Insurance for the monies it paid out. This result would be patently absurd. We will not interpret a statute to produce an unreasonable result. *Maxey v. Racine Redevelopment Authority,* 120 Wis. 2d 13, 20, 353 N.W.2d 812, 816 (Ct. App. 1984).

Nor do we believe sec. 632.32(4), Stats., compels a different result. Section 632.32(4) provides in part:

**Required uninsured motorist and medical payments coverages.** *Every policy of insurance subject to this section* that insures with respect to any motor vehicle registered or principally garaged in

---

[8]In *Peterson,* the supreme court noted, in dicta, that:

[Section] 344.33(7) permits reimbursement from the insured to the insurer when the latter's obligation arises by operation of the financial responsibility laws and not by the terms of the policy. Section 344.33(7) illustrates that exceptions to the general rule that an insurer may not recover from an insured are made when coverage is afforded not by specific contract but by operation of law.

134 Wis. 2d at 174, 395 N.W.2d at 780.

this state against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle *shall contain* therein or supplemental thereto provisions approved by the commissioner:

(a) *Uninsured motorist.* 1. For the protection of persons injured who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, in limits of at least $25,000 per person and $50,000 per accident. [Emphasis added.]

Nutter argues that, because sec. 632.32(4)(a), Stats., requires uninsured motorist coverage for "[e]very policy of insurance," his post-cancellation coverage must include the uninsured motorist coverage.

We disagree. Nutter's post-cancellation coverage includes only a "motor vehicle liability policy," which is limited to liability insurance. That the legislature recognized the distinction between the types of coverage is evident from the prefatory comment to the subchapter containing sec. 632.32, Stats., which states in part:

One difficulty is terminological. "Motor vehicle" has a very broad meaning but "motor vehicle liability policy" has a very narrow one, applying only to policies required by the safety responsibility law. There is no convenient term for the voluntary policy (the usual one). It can cover any motor vehicle. *Here it has been called "automobile" liability policy to distinguish it from the compulsory policy . . ..* [Emphasis added.]

Prefatory Committee Comment, 1975, Wis. Stat. Ann. secs. 632.32 to 632.36 (West 1980).

459

We conclude the trial court properly held that the ten-day notice of cancellation requirement of sec. 344.34, Stats., only applied to the liability coverage of Nutter's policy.[9]

*By the Court.*—Judgment affirmed.

[9]In his reply brief, Nutter for the first time advances the argument that, under principles of equity, we should hold that the uninsured motorist coverage of the policy was in force because Milwaukee Insurance did not return the full per diem policy premiums to Nutter after Nutter canceled the policy. We will generally not reach issues raised for the first time in the reply brief. *Sisters of St. Mary v. AAER Sprayed Insulation,* 151 Wis. 2d 708, 723 n.4, 445 N.W.2d 723, 729 n.4 (Ct. App. 1989). We see no reason to depart from that rule here.

In addition, because of our disposition of this case, we do not reach the issue of the effectiveness of the release executed by Nutter.