IN the INTEREST OF KENDELL G., a person Under the Age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

KENDELL G., Respondent-Appellant.†

Court of Appeals

*No. 00–3240–FT. Submitted on briefs February 13, 2001.—Decided March 28, 2001.*

## 2001 WI App 95

(Also reported in 625 N.W.2d 918.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian C. Findley*, deputy first assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Ryan C. Wetzsteon,* assistant district attorney, and *Robert S. Flancher*, district attorney.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1.   NETTESHEIM, J.   Kendell G. appeals from a juvenile court order that lifted a stay against a dispositional order placing him in a secured correctional facility for one year. The issue is how much time Kendell must serve under the revised dispositional order. The juvenile court ruled that Kendell's placement terminates one year from the date the court lifted the stay. Kendell argues that his placement terminates one year from the date of the original dispositional order because the original order had not been extended. We affirm the juvenile court's ruling.

## FACTS AND PROCEDURAL HISTORY

¶ 2.   Based on a finding that Kendell had committed the crime of theft pursuant to WIS. STAT. § 943.20(1) (1999–2000),[1] the juvenile court found Kendell delin-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

quent and entered a dispositional order on November 11, 1999. The order placed Kendell under the supervision of the Human Services Department for a period of one year with placement at Carmelite School for Boys.

¶ 3. On January 18, 2000, the Department petitioned for a change in Kendell's placement pursuant to WIS. STAT. § 938.357 and a revision of the dispositional order pursuant to WIS. STAT. § 938.363.[2] The petition was based on Kendell's alleged violation of the conditions of supervision. The juvenile court conducted a hearing on the petition on February 2, 2000. Based upon an agreement between the State and Kendell's attorney, the juvenile court entered an order changing Kendell's placement and revising the dispositional order. In its bench ruling, the court directed that:

> the dispositional order be revised to provide that [Kendell] is to be placed under the supervision of the Wisconsin Department of Corrections for purposes of placement at the Ethan Allen School for a period of one year. That disposition will be stayed however, on the condition that Kendell comply fully with all of the other terms and provisions of the dispositional order that was previously entered. And further . . . the change in placement that is proposed will be approved to change placement

---

[2] The petition indicated that the Department was seeking only a change in placement. However, the social history supporting the petition revealed that the Department was also seeking a revision of the dispositional order by asking the juvenile court to impose a stayed placement with corrections. The juvenile court therefore construed the petition as seeking both remedies. Kendell did not object.

from the Carmelite school as a Type II CCI placement to Homihome as a Type II CCI placement.[3]

¶ 4.  Later, Kendell again violated his supervision. As a result, the State brought a motion asking the juvenile court to lift the stay on Kendell's commitment to Ethan Allen. The juvenile court heard the motion on May 3, 2000. Kendell did not contest the motion.[4] As a result, the court lifted the stay and directed that Kendell be placed at Ethan Allen, a secured correctional facility, for one year pursuant to WIS. STAT. § 938.34(4m). The court further ordered that the one-year placement would commence forthwith, May 3, 2000, and terminate on May 3, 2001.

¶ 5.  Kendell disputed the juvenile court's determination regarding the duration of the placement order. He argued that his one-year placement at Ethan Allen should terminate on November 11, 2000, one year from the date of the original dispositional order. Under this computation, Kendell would be placed at Ethan Allen for approximately six months. Kendell based his argument on the fact that the original dispositional order was for one year and had not been extended. *See* WIS. STAT. §§ 938.355(4), 938.365(1m), (4). In response, the court noted that there were no published decisions on the question, but that an unpublished decision supported the court's ruling. The

---

[3] WISCONSIN STAT. § 938.34(4d) provides for placement in a Type 2 setting if the juvenile has been found delinquent for an act which if committed by an adult is punishable by a sentence of six months or more and if the juvenile court has found the juvenile to be dangerous and in need of restrictive juvenile custody.

[4] Kendell's decision not to contest the State's motion was part of an agreement whereby the State agreed not to issue a delinquency petition on a new theft offense.

court rejected Kendell's argument and confirmed its ruling that Kendell's one-year placement at Ethan Allen would commence forthwith and terminate on May 3, 2001. Kendell appeals.

## DISCUSSION

¶ 6.   Kendell does not dispute the original dispositional order, the revision order, or the order lifting the stay. His only quarrel is with the juvenile court's ruling that the placement endures for one year from May 3, 2000, the date the court lifted the stay on the placement. Kendell argues that the court's ruling impermissibly extends the duration of the original dispositional order beyond the one-year limitation set out in WIS. STAT. § 938.355(4) because that order had not been extended pursuant to WIS. STAT. § 938.365.

¶ 7.   Kendell relies on WIS. STAT. § 938.363(1)(b), which provides, in part, that "[n]o revision may extend the effective period of the original order, or revise an original order . . . to impose more than 30 days of detention, nonsecure custody or inpatient treatment on a juvenile." He also relies on WIS. STAT. § 938.357(6), which provides that "[n]o change in placement may extend the expiration date of the original order." Since the revision order changed both his placement and revised the original disposition, Kendell contends that the revision order violated both of these statutes.

¶ 8.   The State relies on WIS. STAT. § 938.34(16), which allows a juvenile court to stay a dispositional order. The State says that an imposed and stayed provision of a dispositional order does not trigger the one-year limitation of WIS. STAT. § 938.355(4) until the stay is lifted. Therefore, the State contends that an extension of the original dispositional order was not necessary under the facts of this case.

¶ 9. The issue presents a question of statutory interpretation, which this court reviews de novo. *See State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311 (Ct. App. 1987). If the language of the statute is clear and unambiguous, the primary source of statutory interpretation is the statute itself. *See Robert Hansen Trucking, Inc. v. LIRC*, 126 Wis. 2d 323, 332, 377 N.W.2d 151 (1985). "All words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." WIS. STAT. § 990.01(1). This court may look to recognized dictionaries to ascertain common and approved meanings of nontechnical and technical words. *See State v. Grady*, 175 Wis. 2d 553, 558, 499 N.W.2d 285 (Ct. App. 1993).

¶ 10. WISCONSIN STAT. § 938.34 sets out the dispositional alternatives available to a juvenile court in a delinquency case. Subsection (16) states in pertinent part:

> STAY OF ORDER. After ordering a disposition under this section, enter an additional order staying the execution of the dispositional order contingent on the juvenile's satisfactory compliance with any conditions that are specified in the dispositional order . . . . If the juvenile violates a condition of his or her dispositional order, the agency supervising the juvenile shall notify the court and the court shall hold a hearing . . . to determine whether the original dispositional order should be imposed . . . . The court may not impose the original dispositional order unless the court finds by a preponderance of the evidence that the juvenile has violated a condition of his or her dispositional order.

¶ 11.   This language clearly contemplates that the juvenile court will enter two orders when the court stays all, or part, of a disposition. First, the court orders the disposition; second, the court "enter[s] an *additional* order staying the execution of the dispositional order." *Id.* (emphasis added). While, as a practical matter, these two determinations are commonly embodied in a single dispositional order, the fact remains that the statute envisions two discrete actions by the juvenile court.

¶ 12.   Here, the juvenile court originally placed Kendell under the supervision of the Department subject to appropriate conditions. The court did not stay this disposition. After Kendell had violated the conditions of his supervision, the court revised the dispositional order to impose the more severe sanction of a one-year placement at Ethan Allen. However, the court also chose to stay that revised disposition. To "stay" an order means to "refrain from enforcing it." BLACK'S LAW DICTIONARY 1413 (6th ed. 1990).

■

¶ 13.   We conclude that the juvenile court's decision to stay Kendell's placement pursuant to WIS. STAT. § 938.34(16) eliminated the need for any extension of the original dispositional order, including any revisions thereof. Kendell's placement at Ethan Allen under the revised order was not executed against him because it was stayed, meaning the trial court was "refrain[ed] from enforcing it." Instead, the placement would become effective only if the stay was lifted. We therefore conclude that the running of the one-year limitation of WIS. STAT. § 938.355(4) as to Kendell's placement at Ethan Allen commenced when the juvenile court lifted the stay on the placement.

¶ 14.   We find support for our holding in *S.D.R. v. State*, 109 Wis. 2d 567, 575, 326 N.W.2d 762 (1982), where the supreme court construed the one-year limitation statute as it existed in the former juvenile code. *See* WIS. STAT. § 48.355(4) (1979–80). There, the juvenile argued that he had been unconstitutionally restrained because the State's extension request, while filed before the original disposition had expired, could not be heard until after the order had expired. *S.D.R.*, 109 Wis. 2d at 573–77. The court rejected this argument because "it only looks to one subsection of ch. 48 in isolation." *S.D.R.*, 109 Wis. 2d at 574. Instead, the court said that it was appropriate to examine "*the entire juvenile adjudication process.*" *Id.* (emphasis added). Of particular importance to our case, the court further stated that "the legislature intended the process to be viewed as a continuum." *Id.* at 575. And the court concluded, "The Code, when viewed in its entirety, did not set up a system whereby a juvenile is automatically released at the end of the dispositional order." *Id.*[5]

¶ 15.   Like the juvenile in *S.D.R.*, we conclude that Kendell reads the one-year provision of WIS. STAT. § 938.355(4) too narrowly and in isolation. Kendell would limit the one-year limitation to the original dispositional order and to the exclusion of the subsequent proceedings in the case. But in the later revision order,

---

[5] We appreciate that in *S.D.R. v. State*, 109 Wis. 2d 567, 326 N.W.2d 762 (1982), the supreme court held that the juvenile was not entitled to release because the State had timely filed an extension request whereas here the State did not. However, our point in citing *S.D.R.* is to demonstrate that we must view WIS. STAT. ch. 938 in its entirety and as a continuum. While *S.D.R.* focused on the effect of the filing of the extension request, here the focus is on the effect of the stay.

the juvenile court injected an entirely new and different dimension to this case by opting for a different dispositional alternative under WIS. STAT. § 938.34—confinement in a secured correctional facility under subsec. (4m) and a stay of that sanction under subsec. (16). Obviously, that revised disposition was not previously subject to the one-year limitation of § 938.355(4) because it did not previously exist. It therefore makes sense that the one-year limitation should first apply when the juvenile court later lifted the stay.

¶ 16. WISCONSIN STAT. § 938.34(16) permits a juvenile court to stay the imposition of a dispositional order or a portion thereof, including revisions, in order to give the juvenile a second chance to conform his or her behavior to any conditions imposed by the court. Failure to comply with the conditions can trigger the commencement of the stayed portion of the dispositional order. It would be unreasonable for this court to conclude that a dispositional order that has been stayed pursuant to § 938.34(16) commences any earlier than the date the stay is lifted by the juvenile court. As such, it would be equally unreasonable to conclude that the order terminates earlier than it expressly provides. *See Nutter v. Milwaukee Ins. Co.*, 167 Wis. 2d 449, 458, 481 N.W.2d 701 (Ct. App. 1992).

*By the Court.*—Order affirmed.