Acuity, a Mutual Insurance Company,
Plaintiff-Appellant,

v.

Colby Albert, Defendant-Respondent.

Court of Appeals

*No. 2012AP382–FT. Submitted on briefs April 24, 2012.
—Decided June 20, 2012.*

2012 WI App 87

(Also reported in 819 N.W.2d 340.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas J. Donnelly* of *Emile Banks & Associates, LLC.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Timothy S. Knurr* of *Schoone, Leuck, Kelley, Pitts & Knurr, S.C.*, Racine.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.   Wisconsin requires drivers who have previously had their licenses revoked to show

proof of financial responsibility before the state will reissue a license to them. *See* Wis. Stat. § 343.38(1)(c) (2009–2010).[1] A driver may show financial responsibility by having his or her insurer file a certification with the state indicating that the driver is insured. *See* Wis. Stat. §§ 344.30(1), 344.31. The purpose of Wisconsin's Financial Responsibility law is to provide a method of compensating third parties for damages that might result from future accidents involving a driver who has had his or her license revoked or suspended. *Lang v. Kurtz*, 100 Wis. 2d 40, 44, 301 N.W.2d 262 (Ct. App. 1980). The law also provides that once an insurer has certified an automobile liability policy, the policy cannot be "canceled or terminated until at least 10 days after a notice of cancellation or termination of the insurance so certified has been filed [with the state]." Wis. Stat. § 344.34. The notification requirement allows the state time to revoke the license of the driver in the event the driver does not maintain the required insurance. *See Lang*, 100 Wis. 2d at 45.

¶ 2.  The ten-day notice requirement also invariably results in a period of time in which the insurer owes coverage to the public despite the fact that its policy with its insured was not contractually in force. The legislature addressed this inequity by allowing an insurer to recover from its insured any claims paid out by the insurer that it would not have been contractually obligated to pay but for the Financial Responsibility law. *See* Wis. Stat. § 344.33(7).

¶ 3.  Acuity appeals from the circuit court's award of summary judgment to Colby Albert. Albert, who is subject to the Financial Responsibility law, did not pay

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

his automobile liability insurance premium and his coverage lapsed. Three days after his coverage lapsed, Albert was involved in a car accident that injured several people. Acuity had not yet notified the state that Albert's coverage lapsed, and therefore, pursuant to the Financial Responsibility law, Acuity paid out claims to all of the injured third parties. Acuity then sought reimbursement from Albert on the grounds that no coverage would have been in force on the day of the accident but for the notice requirement under the Financial Responsibility law. The circuit court rejected Acuity's claim against Albert, ruling that Acuity was required to provide coverage for the accident as Acuity did not file a notice of cancellation until after the accident occurred. While we agree that Acuity's policy was not cancelled pursuant to the Financial Responsibility law, that same law expressly permits Acuity to seek reimbursement from Albert for payments to third parties Acuity would not otherwise be obligated to make. We reverse.

## BACKGROUND

¶ 4. On January 10, 2006, Acuity issued a six-month automobile liability insurance policy to Albert ending on July 10. As Albert is subject to Wisconsin's Financial Responsibility law, Acuity filed a financial responsibility insurance certificate with the state on January 11, verifying that Albert had automobile insurance. Albert did not pay his renewal premium and his policy lapsed on July 10. On July 17, Albert partially paid his premium and coverage was extended for one month. Acuity backdated the coverage to July 10 so the policy was reinstated without a lapse.

¶ 5. On July 20, Acuity mailed a "Payment/Cancellation Notice" to Albert informing him that his

premium was due by August 6. The letter stated that if Albert did not pay his premium by August 6, the policy would terminate on August 10. Albert did not pay by August 6 and his policy thus lapsed on August 10.

¶ 6. Albert was involved in a car accident on August 13 that injured four people and caused property damage. On August 16, Acuity received a premium payment from Albert. That same day, Acuity filed a notice of cancellation of Albert's policy with the state. Per WIS. STAT. § 344.34's ten-day notice requirement, Acuity's notice to the state provided that Albert's coverage would end on August 27. Acuity reinstated Albert's coverage, effective August 17.

¶ 7. Acuity settled with the people injured in the accident. Acuity sought reimbursement from Albert for the $48,000 it paid to the injured parties on the grounds that Albert's policy lapsed on August 10 for not paying his premium on time. Albert's policy provides that Acuity will comply with Wisconsin's Financial Responsibility law, but that Albert "agree[s] to reimburse [Acuity] for any payment made by [Acuity] which [Acuity] would not have been obligated to make under the terms of this policy." The circuit court rejected Acuity's argument and granted Albert's motion for summary judgment, concluding that Acuity had to provide coverage for the accident because Acuity did not file a notice of cancellation until after the accident occurred.

## STANDARD OF REVIEW

■

¶ 8. The interpretation of a statute and its application to a set of facts is a question of law that we review de novo. *Homeward Bound Servs., Inc. v. Office of the Ins. Comm'r*, 2006 WI App 208, ¶ 15, 296 Wis. 2d 481, 724 N.W.2d 380.

## DISCUSSION

■

¶ 9.  Acuity argues that it complied with the Financial Responsibility law when it paid out settlements to third parties injured by Albert. Acuity states that it may seek compensation from Albert based on Wis. Stat. § 344.33(7), which provides that "[a]ny motor vehicle liability policy [issued under the Financial Responsibility law] may provide that the insured shall reimburse the insurer for any payment the insurer would not have been obligated to make under the terms of the policy except for the provisions of this section." We agree with Acuity.

¶ 10.  The circuit court relied on our opinion in *Lang* to guide its decision. In *Lang*, the insurer issued an automobile liability policy to Kurtz on April 11, 1977. *Lang*, 100 Wis. 2d at 41–42. As Kurtz was subject to the Financial Responsibility law, the insurer filed a certification of liability coverage with the state. *Id.* at 42. Kurtz renewed his policy for three months in July and October. *Id.* at 41–42. On December 13, 1977, the insurer notified Kurtz that his next premium was due by January 7, 1978. *Id.* at 42. Kurtz did not pay his premium and was involved in a car accident on April 23, 1978. *Id.* The insurer denied coverage on the grounds that Kurtz failed to pay his premium, although the insurer did not file the notice of cancellation until July 24, 1978. *Id.* at 42–43.

¶ 11.  This court held that the insurer's failure to comply with Wis. Stat. § 344.34 precluded it from asserting that Kurtz's policy had lapsed for failure to pay the premium. *Lang*, 100 Wis. 2d at 43. We stated that an insurer's duty to provide notice to the state under Wis. Stat. § 344.34 that it is cancelling coverage

"is essential to the effective operation of the financial responsibility law" because it alerts the state that it needs to revoke the driver's operating privileges. *Lang*, 100 Wis. 2d at 45.

■■

¶ 12.   The key factual distinction between this case and *Lang* is that here, Acuity already covered the losses suffered by the injured parties. The purpose of the Financial Responsibility law is to protect innocent third parties from losses suffered as a result of an accident involving a driver who has previously had his or her license revoked or suspended. *Lang*, 100 Wis. 2d at 44. Acuity fulfilled this duty. WISCONSIN STAT. § 344.33(7) states that when an insurer issues a policy to someone subject to the Financial Responsibility law, the insurer "may provide that the insured shall reimburse the insurer for any payment the insurer would not have been obligated to make under the terms of the policy except for the provisions of this section." In other words, while the policy is not cancelled vis-à-vis third parties, the insurer may recover from its insured when the insurer's obligation arises solely by operation of the Financial Responsibility law, and not by the terms of the policy. *See Nutter v. Milwaukee Insurance Co.*, 167 Wis. 2d 449, 458, 481 N.W.2d 701 (1992) (Section 344.33(7) permits an insurer to recoup from an insured, if allowed by the policy, damages paid by the insurer to a third party "solely by operation of the financial responsibility law."); *Rural Mut. Ins. Co. v. Peterson*, 134 Wis. 2d 165, 173–74, 395 N.W.2d 776 (1986) (Insurer permitted to seek reimbursement from insured for payments to injured third-party, which it would not have been obligated to make under the terms of the policy but for the common carrier financial responsibility law.).

¶ 13. The Acuity policy contains a reimbursement clause, which allows Acuity to recoup from Albert any payments that Acuity makes to third parties that would not have been made but for the Financial Responsibility law. There is no debate that Albert's coverage lapsed on August 10—three days before the accident—for failure to pay his premium. Acuity, though, did not send a notice of cancellation to the state until August 16, and per WIS. STAT. § 344.34's ten-day notice requirement, coverage did not end until August 27. Thus, when the accident occurred on August 13, Albert was uninsured pursuant to the terms of the policy but Acuity still had a responsibility to cover third-party losses. Acuity complied with the Financial Responsibility law by paying the injured parties and is now entitled to seek reimbursement from Albert.

## CONCLUSION

¶ 14. The judgment of the circuit court is reversed.

*By the Court.*—Judgment reversed.