**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 11, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

| | |
|---|---|
| **Appeal No.   2017AP2084-CR** | Cir. Ct. No.  2014CF1066 |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS**<br>**DISTRICT I** |

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

DEMARCO LEE AS-SAFFAT,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  TIMOTHY G. DUGAN and JEFFREY A. WAGNER, Judges. *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Demarco Lee As-Saffat appeals pro se from a judgment of conviction and an order denying his postconviction motion.[1]   He contends that (1) he was improperly charged; (2) he was denied the right to self-representation; (3) he received ineffective assistance of counsel; and (4) he is entitled to a new trial in the interest of justice.  We disagree and affirm.

¶2    In 2013, As-Saffat led a 13-year-old girl who had run away from home into a motel room and sexually assaulted her.  When police attempted to arrest As-Saffat, he fled.  When they found him days later, he locked himself in a basement furnace room and resisted arrest.

¶3    The State filed a criminal complaint in Milwaukee County case No. 2013CF4277, charging As-Saffat with child enticement and second-degree sexual assault of a child.  After the initial appearance, the circuit court dismissed the case without prejudice because the complaint did not specify the address at which As-Saffat committed the crimes.

¶4    The State reissued the charges in Milwaukee County case No. 2013CF4303.  As-Saffat waived the preliminary hearing and was bound over for trial.  On the day that trial was to begin, the circuit court dismissed the case without prejudice because the victim, who was residing out of state, was unable to appear due to adverse weather conditions.

---

[1] The Honorable Timothy G. Dugan presided over trial and entered the judgment of conviction.   The Honorable Jeffrey A. Wagner entered the order denying As-Saffat's postconviction motion.

2

¶5    The State reissued the charges again in Milwaukee County case No. 2014CF1066, along with two additional counts of obstructing or resisting an officer. Following a preliminary hearing, As-Saffat was bound over for trial.

¶6    At the final pretrial hearing, on June 13, 2014, As-Saffat told the circuit court that he wanted to represent himself. The court did not immediately address As-Saffat's request. It said, "I'll tell you what we're going to do, we'll finish the final pretrial. I don't think we'll have time to address that, so we'll set it for a hearing next week." After the attorneys informed the court that they would be unavailable at that time, the court indicated that it would find another date to address As-Saffat's request. It added, "You have a Constitutional right to represent yourself, but I have to make that decision as to whether you're capable of doing so and I may have to do it on the morning of trial."

¶7    The circuit court attempted to address As-Saffat's request to represent himself on the first day of trial, June 23, 2014. However, As-Saffat refused to come to court and was eventually brought into the courtroom in his jail clothes. As-Saffat would not fill out the waiver-of-counsel form or answer any of the court's questions about whether he was waiving counsel or was competent to represent himself. Instead, he offered such nonsensical observations as, "Maritime law is being forced upon me," and "I am the authorized representative and the legal beneficiary of this estate." The court determined that As-Saffat was not attempting to proceed pro se and could not proceed pro se.

¶8    The next day, As-Saffat again told the circuit court that he wanted to represent himself. The court gave As-Saffat the waiver-of-counsel form, and he filled it out. The court then conducted an extensive colloquy with As-Saffat. Based upon that colloquy, the court did not believe that As-Saffat had made a

deliberate choice to proceed without counsel and was aware of the difficulties and disadvantages of self-representation. Similarly, it did not believe that As-Saffat was competent to represent himself, as he did not demonstrate a basic understanding of the criminal justice system. Accordingly, it denied As-Saffat's request.

¶9  At trial, the jury viewed a surveillance video that showed As-Saffat and the victim entering a motel room. It heard from the victim, who accused As-Saffat of sexually assaulting her there. Likewise, it heard from a sexual assault nurse, who examined the victim and concluded that her physical injuries were consistent with sexual assault. The State also presented evidence of As-Saffat's evasive conduct after the assault. Additionally, it presented testimony from a DNA analyst who analyzed samples taken from the victim and opined that As-Saffat's DNA was on the victim's underwear, toilet tissue in her underwear, and in her anus. The forensic program technician who initially screened the samples did not testify.

¶10  Ultimately, the jury found As-Saffat guilty on all counts. The circuit court imposed an aggregate sentence of thirty-five years of initial confinement and ten years of extended supervision.

¶11  As-Saffat filed a postconviction motion, arguing, among other things, that (1) he was improperly charged; (2) he was denied the right to self-representation; and (3) he received ineffective assistance of counsel. The circuit court denied the motion without a hearing. This appeal follows.

¶12  The first argument we address on appeal is As-Saffat's contention that he was improperly charged. According to As-Saffat, the State's reissuance of

charges after dismissal of Milwaukee County case Nos. 2013CF4277 and 2013CF4303 violated WIS. STAT. § 970.04 (2017-18).[2]

¶13   WISCONSIN STAT. § 970.04 provides, "If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if the district attorney has or discovers additional evidence." "This statute forbids reissuance of a complaint if the evidence presented at a preliminary hearing was insufficient, unless the state comes forward with new or previously unused evidence." *State v. Hoffman*, 106 Wis. 2d 185, 196, 316 N.W.2d 143 (Ct. App. 1982). The application of a statute to a set of facts is a question of law that we review de novo. *Acuity v. Albert*, 2012 WI App 87, ¶8, 343 Wis. 2d 594, 819 N.W.2d 340.

¶14   Here, we are not persuaded that WIS. STAT. § 970.04 applies. After all, neither one of As-Saffat's prior cases was dismissed at a preliminary hearing because of insufficient evidence. Milwaukee County case No. 2013CF4277 was dismissed before a preliminary hearing due to a technical error in the complaint. Meanwhile, Milwaukee County case No. 2013CF4303 was dismissed at trial, after As-Saffat had waived the preliminary hearing, due to the unavailability of the victim. Given these differences, WIS. STAT. § 970.04 did not prevent the State from reissuing charges against As-Saffat.

¶15   We next address As-Saffatt's assertion that he was denied the right to self-representation. In making this argument, As-Saffat does not challenge the circuit court's rulings on the subject at trial. Rather, he submits that the court

---

[2] All references to the Wisconsin Statute are to the 2017-18 version.

erred by not immediately holding a hearing on his request at the final pretrial hearing.

¶16    Defendants have the right to conduct their own defense under both the United States Constitution and the Wisconsin Constitution. *State v. Klessig*, 211 Wis. 2d 194, 203, 564 N.W.2d 716 (1997).    Whether a defendant's constitutional right to self-representation has been violated is a question of law that we review de novo. *State v. Darby*, 2009 WI App 50, ¶13, 317 Wis. 2d 478, 766 N.W.2d 770.

¶17    We cannot say that As-Saffat's right to self-representation was violated by the circuit court's failure to immediately hold a hearing on his request to represent himself. As noted, the court determined that there was insufficient time to do so at the final pretrial hearing. It tried to schedule another hearing the following week and then, when that proved unsuccessful, resolved to address the matter the first day of trial. The fact that As-Saffat chose to be uncooperative that day was not the court's fault. In any event, the court eventually denied the request on the merits. There is no reason to believe that the court would have reached a different decision had it addressed the request at the final pretrial hearing.

¶18    We next address As-Saffat's complaint that he received ineffective assistance of counsel. In particular, As-Saffat faults his trial counsel for failing to call the forensic program technician who initially screened the samples taken from the victim.

¶19    To establish a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668,

6

687 (1984). A reviewing court need not address both prongs of the analysis if the defendant makes an insufficient showing on either one. *Id.* at 697.

¶20 When a defendant pursues postconviction relief based on trial counsel's alleged ineffectiveness, the defendant must preserve trial counsel's testimony in a postconviction hearing. *State v. Curtis*, 218 Wis. 2d 550, 554-55, 582 N.W.2d 409 (Ct. App. 1998). However, a defendant is not automatically entitled to a hearing upon filing a postconviction motion that alleges ineffective assistance of counsel.

¶21 To earn a hearing on a postconviction motion, the defendant must allege "sufficient material facts that, if true, would entitle the defendant to relief." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. If the motion alleges sufficient facts, a hearing is required. *Id.* If the motion is insufficient, if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court may exercise its discretion in deciding whether to grant a hearing. *Id.* We review the court's discretionary decision under the deferential erroneous exercise of discretion standard. *Id.*

¶22 We are not convinced that As-Saffat was entitled to a hearing on his claim of ineffective assistance of counsel. To begin, As-Saffat did not present an affidavit from the forensic program technician detailing what he would have said had he been called. Moreover, there is no reason to believe that the technician's testimony would have helped the defense. As-Saffat makes much of the fact that the technician's report did not show the presence of semen on vaginal and anal swabs from the victim. However, that same report revealed the presence of micro sperm on a vaginal smear taken from vaginal swabs and on an anal smear taken

7

from anal swabs. Thus, there was genetic material to test,[3] and the DNA analyst was able to link what she tested to As-Saffat.[4] Given these facts, as well as the other strong evidence of As-Saffat's guilt, there is no reasonable probability that As-Saffat was prejudiced by counsel's alleged error.

¶23 Finally, we address As-Saffat's argument that he is entitled to a new trial in the interest of justice. He asks for this relief pursuant to WIS. STAT. § 752.35, which allows this court to reverse a judgment "if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried."

¶24 We exercise our discretionary power to grant a new trial "infrequently and judiciously." *State v. Ray*, 166 Wis. 2d 855, 874, 481 N.W.2d 288 (Ct. App. 1992). We have already determined that no error occurred as to the issues discussed above. We are not persuaded that the real controversy was not fully tried or that justice miscarried. As a result, we decline to order a new trial pursuant to WIS. STAT. § 752.35.

---

[3] As-Saffat questions the DNA analyst's ability to conduct some of her testing by citing the following language from the technician's report: "2 [anal] swabs consumed for extraction, no sample remaining." As noted by the circuit court, that language does not necessarily mean that there was no sample left for the DNA analyst to test. Rather, it "may mean simply that there was no *additional* sample remaining for further testing; not that the samples [the technician] extracted were consumed during the extraction process."

[4] At one point in her testimony, the DNA analyst misspoke and inserted the victim's last name in place of As-Saffat's. That misstatement does not undermine her conclusion, as reflected elsewhere in her testimony and report, which linked the DNA that she tested to As-Saffat.

¶25 For these reasons, we affirm.[5]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[5] To the extent we have not addressed an argument raised by As-Saffat on appeal, the argument is deemed rejected. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).