In the INTEREST OF RICHARD J. D.,
a person under the age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

RICHARD J. D., Respondent-Appellant.†

Court of Appeals

*Nos. 2006AP555, 2006AP556. Submitted on briefs
July 26, 2006.—Decided October 3, 2006.*

**2006 WI App 242**

(Also reported in 724 N.W.2d 665.)

† Petition to review denied 1/9/07.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Brian C. Findley*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Eric R. Enli*, assistant district attorney, Green Bay.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. This is a consolidated appeal of a juvenile disposition order covering two separate cases.[1] Richard J. D. raises three challenges to the disposition order. First, he argues that the court lacked the statutory authority to impose and stay thirty days in secure detention. Second, Richard argues that the

---

[1] We granted Richard J.D.'s motion to consolidate these appeals on June 16, 2006. On August 10, 2006, we ordered this appeal to be considered by a three-judge panel.

court erred by failing to give any reason for a portion of the disposition ordered. Finally, he argues that the court erred when it refused to give him credit for time he had previously served in secure detention. Because the court acted within its statutory authority and properly exercised its discretion in ordering Richard's disposition, we affirm that portion of the order. However, we agree with Richard that the court incorrectly applied the law when it denied him credit. We therefore remand that issue for a credit determination.

### BACKGROUND

¶ 2. Richard appeals two cases, both in Brown County. The first case is Case No. 2004JV231, Appeal No. 2006AP555. In that case, he was adjudicated delinquent for burglary, party to a crime, contrary to WIS. STAT. §§ 943.10(2) and 939.05.[2] The second case is Case No. 2004JV232, Appeal No. 2006AP556. In that case, Richard was adjudicated delinquent of theft and burglary contrary to WIS. STAT. §§ 943.20(1)(a) and 943.10(1m)(a).

¶ 3. On August 16, 2005, the circuit court held a joint disposition hearing on the two cases. At the hearing, the court ordered Richard placed at Lincoln Hills, a secure correctional facility, until August 16, 2006 (one year from the date the order was entered). The court ordered that Brown County would provide aftercare services for Richard after his release. Finally, the court imposed and stayed thirty days in secure detention, with no credit due for previous time spent in detention. The stay would be lifted for a violation of any

---

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

part of the order, including violations of Richard's aftercare. ·

¶ 4. Richard filed a postdisposition motion challenging the imposed and stayed thirty days in secure detention, in which he made the same arguments he now makes in his appeal. The court denied Richard's motion.

¶ 5. We review a circuit court's dispositional order for an erroneous exercise of discretion. *J. K. v. State*, 68 Wis. 2d 426, 434, 228 N.W.2d 713 (1975). The circuit court properly exercises *its* discretion when it examines the relevant facts, applies the proper legal standard, and uses a rational process to reach a reasonable conclusion. *Garfoot v. Fireman's Fund Ins. Co.*, 228 Wis. 2d 707, 717, 599 N.W.2d 411 (Ct. App. 1999).

DISCUSSION

## I. Statutory authority for the disposition

¶ 6. Under WIS. STAT. § 938.34, once a juvenile is adjudged delinquent the court may order any of a number of dispositions. The statute specifically provides the court may order "one or more of the dispositions of the case as provided in this section . . . ." Those dispositions include, among other things, counseling, supervision, secure detention, correctional placement, and aftercare. *See* WIS. STAT. §§ 938.34(1), (2), (3)(f), (4m), (4n).

¶ 7. Wisconsin law allows a juvenile court to "enter an additional order staying the execution of the dispositional order contingent on the juvenile's satisfac-

24

tory compliance with any conditions that are specified in the dispositional order[.]" Wis. Stat. § 938.34(16). The court may stay the entire order or just a portion of the order. *In re Kendell G.*, 2001 WI App 95, ¶ 16, 243 Wis. 2d 67, 625 N.W. 2d 918; *see also In re Cesar G.*, 2004 WI 61, ¶ 25, 272 Wis. 2d 22, 682 N.W. 2d 1.

■

¶ 8. Richard argues that despite this grant of statutory authority, the exclusive statutory mechanism for violation of a dispositional order is found in Wis. Stat. §§ 938.355 and 938.357. We disagree.

¶ 9. Wisconsin Stat. § 938.355 provides a variety of sanctions for juveniles who have violated their dispositional orders, including a term of up to ten days in secure detention. Wis. Stat. § 938.355(6)(d)(1). Wisconsin Stat. § 938.357 enumerates the ways in which a juvenile's placement may be changed. However, nothing in either statute indicates that it is to be the exclusive mechanism for violation of a disposition order. In fact, Wis. Stat. § 938.34(16) specifically allows an alternative procedure for dealing with violations of a disposition order when part of the disposition is imposed and stayed: "If the juvenile violates a condition of his or her dispositional order . . . the court shall hold a hearing within 30 days . . . to determine whether the original dispositional order should be imposed."

¶ 10. In this case, then, the court had two options. First, the court could have chosen not to impose and stay any portion of its disposition. In that case, any violation of the disposition order would have been dealt with using the procedure set out in Wis. Stat. §§ 938.355 and 938.357. Second, the court could have chosen to impose any disposition authorized under Wis. Stat. §§ 938.34(1) through (15m), then stay all or part of that disposition under Wis. Stat. § 938.34(16). In that

case, a violation of the order would trigger a new hearing "to determine whether the [stayed portion of the] original dispositional order should be imposed." WIS. STAT. § 938.34(16).

¶ 11. Here, the court chose the second option. As part of its disposition, it imposed thirty days' secure detention, which it was authorized to do under WIS. STAT. § 938.34(3)(f). It then stayed that disposition under WIS. STAT. § 938.34(16). We therefore conclude that the court had the statutory authority to impose the disposition it did.

## II. Consideration of proper factors

¶ 12. In adult court, the circuit court properly exercises its sentencing discretion when it makes a statement on the record detailing its reasons for "selecting the particular sentence imposed." *State v. Gallion*, 2004 WI 42, ¶ 5 n.1, 270 Wis. 2d 535, 678 N.W.2d 197; *see also* WIS. STAT. § 973.017(10m). However, the court need not specifically note the reasons for each component part of the sentence. *See State v. Taylor*, 2006 WI 22, ¶ 30, 289 Wis. 2d 34, 710 N.W.2d 466 (court need not explain why the precise number of years in a sentence was chosen). It is enough if the court puts forth a "rational and explainable" chain of reasoning based on facts in the record. *Id.* While no juvenile case specifically adopts this approach to review, we see no reason to apply different standards when reviewing dispositional orders.

¶ 13. In determining a disposition, the court is to consider the seriousness of the offense, the need to protect citizens from juvenile crime, the need to prevent

further delinquent acts, and the juvenile's needs for care and treatment. WIS. STAT. §§ 938.355(1), 938.01(2), 938.34. In this case, the court noted the serious nature of Richard's offense and stated that Richard constituted a danger to the public. The court further noted Richard's juvenile history and the fact that he had not taken advantage of past opportunities. Additionally, the court took into consideration Richard's need for assessment, follow through, and direction. The court explained:

> But the reality of the situation is that Richard needs some serious help . . . . It's not a matter of having one more chance because, quite honestly, Richard, you've had a lot of chances. For the most part you disregard your opportunities. It's too easy, it's been too convenient for you up to this point in time to just disregard or neglect, if you will, some of the opportunities that you've had.

As to the secure detention, the court warned, "Richard, once you're back in the community there's absolutely no reason for you to spend additional time in secure detention unless you violate the rules."

¶ 14. These statements show the court used a "rational and explainable" process to determine Richard's disposition, including the imposed and stayed thirty days. Specifically, these comments show the court believed the thirty days imposed and stayed was necessary to give Richard an incentive to comply with the aftercare conditions of the dispositional order—a task Richard had failed to perform in the past. It is true that the court did not separately analyze its decision to impose and stay the thirty days, but it is not required to give its reasons with that degree of specificity. *See Taylor*, 289 Wis. 2d 34, ¶ 30. We therefore conclude

27

that the circuit court properly exercised its discretion when pronouncing the disposition.

## III. Credit for detention

██

¶ 15. A juvenile is entitled to credit for time previously spent in secure detention provided that the time was "in connection with the course of conduct for which the detention . . . was imposed." WIS. STAT. § 938.34(3)(f)(1). However, the briefs in this case are not clear what credit Richard is seeking. Richard's initial brief seemed to indicate that he was seeking credit for time spent in Lincoln Hills. However, the State's brief and Richard's reply brief refer to two instances where Richard spent time in secure detention following the issuances of capiases for his nonappearance.

¶ 16. We are unable to determine exactly what Richard is seeking credit for or how much credit, if any, is due.[3] However, it is clear that the circuit court incorrectly applied the law when it held that it did "not need to give credit for time that's previously spent in secure detention." We therefore remand this issue for a new hearing on the proper amount of credit due.[4]

---

[3] The record does not include facts that would allow us to determine whether the capiases were in connection with the course of conduct for which Richard was found delinquent or the length of time Richard spent in secure detention.

[4] Richard also apparently argues that this error in credit for time he spent in detention nullifies the entire sentence. He provides no authority for this proposition, and we therefore decline to address it. *See* WIS. STAT. § 809.19(1)(e); *State v. Shaffer*, 96 Wis. 2d 531, 546, 292 N.W.2d 370 (Ct. App. 1980). In addition, this argument appears to be directly contrary to *State*

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions. Costs denied to both parties.

*v. Ogden*, 199 Wis. 2d 566, 568, 544 N.W.2d 574 (1996) (remanding circuit court's erroneous determination of Huber eligibility but keeping remainder of sentence intact).