# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2020AP1032

†Petition for Review Filed

Complete Title of Case:

JOHN DOE 1, JANE DOE 1, JANE DOE 3, JANE DOE 4,
JOHN DOE 5 AND JANE DOE 5,

PLAINTIFFS-APPELLANTS,†

JOHN DOE 6, JANE DOE 6, JOHN DOE 8 AND JANE DOE 8,

PLAINTIFFS,

V.

MADISON METROPOLITAN SCHOOL DISTRICT,

DEFENDANT-RESPONDENT,

GENDER EQUITY ASSOCIATION OF JAMES MADISON MEMORIAL
HIGH SCHOOL, GENDER SEXUALITY ALLIANCE OF MADISON WEST
HIGH SCHOOL AND GENDER SEXUALITY ALLIANCE OF ROBERT M.
LAFOLLETTE HIGH SCHOOL,

INTERVENORS-DEFENDANTS-RESPONDENTS.

| | |
|---|---|
| Opinion Filed: | July 22, 2021 |
| Submitted on Briefs: | November 20, 2020 |

| | |
|---|---|
| JUDGES: | Blanchard, Kloppenburg, Nashold, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS:      On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Rick Esenberg, Luke N. Berg,* and *Anthony F. LoCoco* of *Wisconsin Institute for Law & Liberty*, Milwaukee, and *Roger G. Brooks* of *Alliance Defending Freedom*, Scottsdale, Arizona.

Respondent
ATTORNEYS:      On behalf of the defendant-respondent and intervenors-defendants-respondents, the cause was submitted on the brief of *Emily Feinstein* and *Adam Prinsen* of *Quarles & Brady LLP, Madison*, and *Barry J. Blonien* of *Boardman & Clark LLP,* Madison.

<table>
<tr><td>

**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 22, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

</td><td>

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

</td></tr>
</table>

<table>
<tr><td>

**Appeal No.**    **2020AP1032**

**STATE OF WISCONSIN**

</td><td>

Cir. Ct. No. 2020CV454

**IN COURT OF APPEALS**

</td></tr>
</table>

JOHN DOE 1, JANE DOE 1, JANE DOE 3, JANE DOE 4, JOHN DOE 5 AND JANE DOE 5,

    PLAINTIFFS-APPELLANTS,

JOHN DOE 6, JANE DOE 6, JOHN DOE 8 AND JANE DOE 8,

    PLAINTIFFS,

  V.

MADISON METROPOLITAN SCHOOL DISTRICT,

    DEFENDANT-RESPONDENT,

GENDER EQUITY ASSOCIATION OF JAMES MADISON MEMORIAL HIGH SCHOOL, GENDER SEXUALITY ALLIANCE OF MADISON WEST HIGH SCHOOL AND GENDER SEXUALITY ALLIANCE OF ROBERT M. LAFOLLETTE HIGH SCHOOL,

    INTERVENORS-DEFENDANTS-RESPONDENTS.

       APPEAL from an order of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

¶1      KLOPPENBURG, J.  Several parents of students attending schools in the Madison Metropolitan School District (collectively, the parents) commenced this action by filing a complaint in which they identified themselves only by "John/Jane Doe" pseudonyms, along with a "motion to proceed using pseudonyms." The circuit court denied the parents' motion and ordered the parents, if they wished to proceed with the action, to file under seal an amended complaint stating their names and addresses (information that we refer to as their "identities").  The court explained that it would approve a protective order sealing the parents' identities from the parties and the general public and permitting disclosure of their identities only to the court and the attorneys for the parties; the court memorialized its decision to allow filing under seal in that manner in a written order.  The parents appeal the written order, which we refer to as the "order to file under seal," arguing that the court erred in requiring them to disclose their identities to the attorneys for the parties when filing their amended complaint.  We conclude that the parents fail to show that the circuit court erroneously exercised its discretion in issuing the order to file under seal.  Therefore, we affirm.

**BACKGROUND**

¶2      The parents brought this action for declaratory and injunctive relief under WIS. STAT. §§ 806.04 and 813.01, challenging the District's "Guidance & Policies to Support Transgender, Non-binary & Gender-Expansive Students."[1]  The parents allege that the Guidance, by allowing students to "change gender identity" and select new names and pronouns for themselves "regardless of parent/guardian

_____

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

permission," interferes with the parents' "fundamental right" under Article I, § 1 of the Wisconsin Constitution and the Fourteenth Amendment to the U.S. Constitution to "direct the upbringing" of their children.[2]

¶3      The complaint filed by the parents identifies the parents only by pseudonyms.  The complaint alleges that this is necessary "to protect [the parents'] privacy and the privacy of their minor children, and to prevent retaliation against them for raising this sensitive issue."  The parents also filed a "motion to proceed using pseudonyms," and a supporting brief and affidavits, requesting permission to proceed using only pseudonyms in all filings and reiterating their argument that bringing this action exposes them and their minor children to a "substantial risk of harassment or retaliation."  In their motion, the parents explained that they were submitting the affidavits with their names redacted and offered to submit "the original, unredacted versions" of the affidavits for the circuit court's in camera inspection "[i]f this Court needs to know the Plaintiffs' identities."

¶4      We relate in some detail the ensuing proceedings pertinent to the circuit court's adjudication of the parents' motion to provide context for our analysis of the parents' appeal of the order to file under seal.

¶5      On May 26, 2020, the circuit court held a hearing at which it heard oral argument and issued its decision on the parents' motion.  At the hearing, the circuit court denied the parents' "motion to proceed using pseudonyms."  The court explained that the statutory procedure for protecting a party's identity under

---

[2] For context, we note the following events that occurred after the filing of the complaint containing only the parents' pseudonyms, although none of these events are at issue in this appeal. The District filed a motion to dismiss the parents' complaint. In addition, three student clubs from three high schools in the District jointly filed a motion to intervene as defendants in this suit. The circuit court denied the motion to dismiss and granted the motion to intervene.

Wisconsin law is a motion to seal and that Wisconsin law does not authorize plaintiffs to litigate a case without filing, even under seal, a court record that includes their identities. The parents agreed that there is no Wisconsin case law authorizing the parents to proceed using pseudonyms in the manner requested in their motion, that any federal law on the issue is "trumped by applicable state statute," and that "the Wisconsin legislature and the Wisconsin courts control" the analysis in this case. The parents argued that the circuit court should nonetheless apply a balancing test, which they represented is used in federal courts, that weighs "the need for anonymity versus the need [for the identifying information] on the other side." The parents asserted that their motion should be granted because "this case is going to turn on whether the policy is constitutional" and "there is no need [for] the other side" to have the identifying information.

¶6      The circuit court explained that it was "not comfortable transporting into Wisconsin jurisprudence" the purported "practice of the federal courts in similar circumstances," and that Wisconsin's "longstanding practice of the public's having a right to know under the public records law and the common law … militate dramatically against allowing the parties [to tell] no one who they are" when they file an action with the court. The court therefore ordered the parents, if they wished to proceed with the action, to file an amended complaint stating their identities (the "amended complaint").

¶7      The circuit court explained, in addition, that it has the "authority" and "discretion" to protect the parents' identities as revealed in the amended complaint under seal. It acknowledged Wisconsin's "longstanding" public policy of open court records but explained that "the public's right to know [who is using its courts] is balanced off against situations where that right is outweighed by other concerns." The court found that the parents had made a "demonstrable factual showing" that

unsealed public records containing their identities posed a risk that the parents "would likely be subject to threats and intimidation, which would be wholly inappropriate and frustrate the orderly function of the court case." Accordingly, the court ordered the parents, if they wished to proceed, to file an amended complaint under seal and ordered that pseudonyms be used in unsealed documents "during the course of litigation." The court specified that its contemplated protective order sealing the parents' identities in the amended complaint would permit disclosure of the parents' identities only to the court and to the attorneys for the parties.

¶8     The parents requested that the circuit court's order limit access to their identities as revealed in the amended complaint to the court and to a "single attorney from the [D]istrict and a single attorney from the intervening defendants." The court rejected that request, explaining: "That would entangle me [in] … the local and national counsel relationship and create a conflict of interest possibl[y] between lawyers and their firms as to how they would share information and divide their workload …. And to limit which attorneys have access to that information would be an unnecessary intrusion into their practice of law."

¶9     In the alternative, the parents asked the circuit court to order that access to their identities as revealed in the amended complaint be limited to the court and the attorneys for the District, thus barring disclosure to attorneys for the intervenors. The court rejected this request, explaining that this would make counsel for the intervenors "essentially a second class behind [counsel for the District]," deny counsel for the intervenors "information that [counsel for the District] can be trusted with," and impede the ability of counsel to work together.

¶10    The parents took the position that the circuit court's order was insufficiently protective because it would allow the law firms for the District and

the intervenors to learn the parents' identities and "every additional person who knows who they are creates additional risk that their name[s] will be even accidentally leaked." The court asked the parents whether there was any reason to believe that any attorneys in this case would not comply with the court's order and counsel assured the court that the parents had no reason to "distrust" the attorneys and in fact had "every reason" to believe that the attorneys would "make every effort to preserve the plaintiffs' anonymity and follow a court order." The court found that all of the attorneys involved in the litigation could be expected to honor the court's order and, accordingly, rejected the parents' request to limit disclosure to fewer than all counsel for the parties. The court determined that its order would adequately protect the parents' identities and guard against potential "fallout" for the parents and their children in pursuing this action.

¶11 At the conclusion of the hearing, the circuit court directed counsel for the parents to draft a protective order under which the parents' identities as revealed in the amended complaint would be sealed "for attorneys' eyes only," such that the parents' identities would not be disclosed to the parties or to "anyone else, period …. And that includes expert witnesses. That includes [the attorneys'] other clients."

¶12 On June 3, 2020, the circuit court issued the written order to file under seal. That order reads as follows:

> this Court denies [the parents'] request [to proceed using pseudonyms] for the reasons stated at the [May 26, 2020] hearing. [The parents] must disclose their identities to the Court and attorneys for the litigants. However, the Court is satisfied that there is sufficient need to keep the [parents'] names sealed and confidential from the public. Therefore, on or before June 9, 2020, [the parents] must file, under seal, an amended complaint that states the names and addresses of the [parents] that are proceeding in this action. [The parents] also must promptly circulate a draft protective order

6

to opposing counsel, and all parties are required to negotiate the terms of a protective order in good faith.

¶13 Pertinent to this appeal, the parents and the circuit court, in subsequent proceedings, addressed the terms of the order to file under seal. On June 5, 2020, the parents submitted to the court a proposed protective order providing that the parents' identities in the amended complaint would "be available only to the Court and to counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit and who have appeared in this action" and that those lawyers would be prohibited from disclosing the parents' identities to "any lawyers" without "direct functional responsibility" for the case and to "any other staff of the law firms participating in this case."

¶14 The circuit court held a status conference at which it addressed the parents' proposed protective order. The court rejected the parents' request to limit access to their identities in the amended complaint to only those lawyers "who have direct functional responsibilities for preparation and trial of the lawsuit and who have appeared in this action," and rejected their request to prohibit disclosure to non-lawyers associated with the parties' attorneys. The court repeated its "entanglement" reasoning: that any lawyer to whom the parents' identities were disclosed would have to sign and be bound by the court's protective order and permitting disclosure only to certain lawyers would "entangle" the court in "micromanagement" of the defense and contravene the pro hac vice appearance of non-Wisconsin lawyers for the intervenors. The court also noted that, under SCR 20:5.3(a)-(c), each of the lawyers in this case is responsible for compliance with the court's protective order by non-lawyer assistants. The court directed counsel for the District to confer with the parents and draft a protective order "protecting the

7

secrecy of the [parents' identities], but otherwise allowing [for] the [plaintiffs', defendant's, and intervenors' lawyers'] ability to practice law."

¶15    Before the District submitted any draft protective order, the parents filed a notice of appeal of the circuit court's order to file under seal and also petitioned this court for leave to appeal that order. We granted the parents' petition for leave to appeal under WIS. STAT. § 808.03(2) ("Appeals by permission").[3]

¶16    The parents moved the circuit court to stay, pending appeal, its order to file under seal. The circuit court held a motion hearing at which it reiterated the basis for its order, again explaining that, "in balancing the considerations sought by the [parents]," it determined that the "appropriate course of conduct was to require disclosure of the names under seal with a protective order for attorneys' eyes only." The court continued:

> I don't think this is very complicated. I understand … the plaintiffs' concern over the preservation of their anonymity. The fact that I did not do as they asked does not mean that I do not understand. It's simply that as I said and I'll say it again is that I did not believe that what they were requesting was supported by current Wisconsin law. And … even if it had been supported by Wisconsin law or that I could create this law, I wouldn't do it in this case under the facts of this case…. But I structured the communication of [the parents' identities] in such a way as I hoped and believed that it would maximize the [parents'] individual interest [in] protecting themselves from the threat of retaliation by entering a protective order and allowing [their identities] to be filed under seal.

---

[3] In our order granting the parents' petition for leave to appeal under WIS. STAT. § 808.03(2), we directed the parties to include argument in their appellate briefs addressing whether the circuit court's order to file under seal is a final order appealable as of right under Sec. § 808.03(1). Upon review of the briefing, we conclude that we need not decide that issue.

The circuit court granted the parents' motion for a stay pending appeal of the court's order to file under seal. No amended complaint has been filed, nor has a new protective order been submitted.[4]

## DISCUSSION

¶17    The only portion of the circuit court's order to file under seal that the parents challenge on appeal is the provision that the parents' identities in the amended complaint be revealed to the attorneys for the District and the intervenors. We begin by explaining the standard of review governing a circuit court's decision to seal information in a court record. We next explain the Wisconsin law governing access to court records, including the statutory procedure for protecting information in a court record and the substantive law interpreting that procedure. Before applying those legal principles to this case, we address and reject the parents' proposal that we instead apply what they represent are the legal principles in federal law that specifically govern protection of a party's identity. Finally, we analyze the circuit court's order pursuant to Wisconsin law and explain why we affirm.

### I.  Standard of Review

¶18    We review for an erroneous exercise of discretion the circuit court's order to seal the parents' identities except from the court and the attorneys for the parties. *See **Krier v. EOG Env't, Inc.***, 2005 WI App 256, ¶¶1, 23, 288 Wis. 2d 623,

---

[4] We note for context the following additional events, none of which is at issue in this appeal, which occurred after the parents appealed the circuit court's order to file under seal. The circuit court granted in part and denied in part the parents' motion for injunctive relief pending appeal as to the District's adherence to the Guidance challenged in this case. We denied the parents' motion in this court seeking relief pending appeal beyond that granted by the circuit court. The parents then filed in the Wisconsin Supreme Court a petition for review of both courts' rulings on their motions for injunctive relief pending appeal, and the supreme court denied the petition in March 2021.

707 N.W.2d 915 (decision to seal court records reviewed for erroneous exercise of discretion). We will affirm so long as the circuit court "examines the relevant facts, applies the proper legal standard, and uses a rational process to reach a reasonable conclusion." *State v. Richard J.D.*, 2006 WI App 242, ¶5, 297 Wis. 2d 20, 724 N.W.2d 665. An erroneous exercise of discretion occurs if the court fails to exercise its discretion, the record demonstrates that the facts do not support the court's decision, or the court applies the incorrect legal standards. *Krier*, 288 Wis. 2d 623, ¶23. We do not "fulfill a fact finding function" or "exercise the [circuit] court's discretion," *id.*, ¶24, and we uphold unless clearly erroneous the circuit court's findings of fact. *State v. Arias*, 2008 WI 84, ¶12, 311 Wis. 2d 358, 368, 752 N.W.2d 748 (We uphold a circuit court's finding of fact unless it is clearly erroneous, that is, if "it is against the great weight and clear preponderance of the evidence.").

## II. Wisconsin Law Governing Access to Court Records

¶19    Wisconsin statutory and case law mandate open court records. *See* WIS. STAT. §§ 19.31-32 (declaring the legislature's policy behind Wisconsin's public records law and specifying that "any court" is among the governmental authorities subject to the public records law); WIS. STAT. § 59.20(3) (providing that every clerk of the circuit court must permit any person to examine court records); *State ex rel. Bilder v. Delavan Twp.*, 112 Wis. 2d 539, 553, 334 N.W.2d 252 (1983) (Wisconsin statutory law "reflects a basic tenet of the democratic system that the people have the right to know about operations of their government, including the judicial branch."). In general, a party cannot file a lawsuit in Wisconsin's courts without revealing its identity because the complaint initiating the action must "include the names and addresses of all the parties," WIS. STAT. § 802.04(1), and, once a document is filed with the court it is "a judicial record, and subject to the access accorded such records." *Matter of Ests. of Zimmer*, 151 Wis. 2d 122, 134,

442 N.W.2d 578 (Ct. App. 1989) (internal quotation marks and quoted source omitted). Thus, a party seeking redress in our courts generally must reveal its identity to the public. *See **Bilder***, 112 Wis. 2d at 557 ("Any use of the judicial process opens information about a party's life to the public's scrutiny.").

¶20 However, there are exceptions to this general rule of open court records. *See* WIS. STAT. § 19.35(1)(a) (mandating open access to records "except as otherwise provided by law"); ***Bilder***, 112 Wis. 2d at 553-55 ("absolute right" of public to inspect court records is "not without exception" and yields where sealing is authorized by statute or where disclosure would infringe on a constitutional right); *e.g.*, WIS. STAT. §§ 801.19 and 801.20 (listing information and documents customarily treated as confidential). The legislature has provided a sealing procedure for information in a court record that is not required by statute to be treated as confidential, but that a party asserts needs to be protected. Our case law has provided a substantive legal test that interprets that procedure. We now describe that procedural and substantive law.

## A. Procedure Governing Motions to Protect Information in Court Records

¶21 WISCONSIN STAT. § 801.21 provides:

> A party seeking to protect a court record … shall file a motion to seal part or all of a document or to redact specific information in a document … [and] shall specify the authority for asserting that the information should be restricted from public access. The information to be sealed or redacted may be filed under a temporary seal, in which case it shall be restricted from public access until the court rules on the motion.

Sec. 801.21(2). Upon a motion to seal, the circuit court "shall determine whether there are sufficient grounds to restrict public access according to applicable constitutional, statutory, and common law." Sec. 801.21(4). If the court determines

that there are sufficient legal grounds to protect information in a court record, it "will use the least restrictive means that will achieve the purposes of this rule and the needs of the requester." Sec. 801.21(4).

¶22 WISCONSIN STAT. § 801.21 is "intended to make it clear that filing parties do not have the unilateral right to designate any filing as confidential and that permission from the court is required." Comment, 2015, § 801.21. The court's permission "may flow from a statute or rule explicitly requiring that a particular document or portion of a document be filed confidentiality or from an analysis of the facts of the case and the applicable law." *Id.* The statute merely sets out the "procedural prerequisites" for protecting information in a court document. *Id.* The substantive legal tests for determining whether to issue an order to seal come from our case law interpreting our legislature's laws that mandate open court records.

## B. Substantive Law Governing Motions to Seal Information in Court Records

¶23 Wisconsin case law makes clear that, except as otherwise authorized by law, the sealing of information in court documents is disfavored. *See Zimmer*, 151 Wis. 2d at 131 (exceptions to the rule of public access to court records "must be narrowly construed" and "will be tolerated only in the 'exceptional case'") (quoted source omitted); *Bilder*, 112 Wis. 2d at 556-7 (a party seeking to protect information in a court record must "overcome the legislatively mandated policy favoring open records"); *Krier*, 288 Wis. 2d 623, ¶23 ("When examining the contours of the open records presumption and particularly as it applies to court records and the court's control over those records, there is a strong presumption favoring access …").

¶24 However, even when not specifically authorized by other law, the rule of open court records may yield in cases where "the administration of justice

requires" protecting information in the court record, *Bilder*, 112 Wis. 2d at 556-57, or where an "overriding public interest" in protecting the information outweighs the presumption of public access, *Krier*, 288 Wis. 2d 623, ¶23.[5] We now explain in turn each of these two exceptions.

¶25   In *Bilder*, 112 Wis. 2d 539, our supreme court explained that, in addition to the power to issue protective orders governing court records as authorized by statutory or constitutional law, *id.* at 554-55, "[t]he circuit court under its inherent power to preserve and protect the exercise of its judicial function of presiding over the conduct of judicial proceedings has the power to limit public access to judicial records when the administration of justice requires it." *Id.* at 556. This standard sets a high bar: "the party seeking to close court records bears the burden of demonstrating, with particularity, that the administration of justice requires that the court records be closed…. Even then [a protective] order is appropriate only when there is no less restrictive alternative available." *Id.* at 556-57.

---

[5] The administration of justice test comes from our supreme court's interpretation in *State ex rel. Bilder v. Delavan Twp.*, 112 Wis. 2d 539, 553, 334 N.W.2d 252 (1983) of WIS. STAT. § 59.14 (1979-80) (renumbered sec. 59.20 (2019-20)), which requires the "clerk of the circuit court" to open all court records to public examination. The overriding public interest test comes from Wisconsin case law, *e.g.*, *C.L. v. Edson*, 140 Wis. 2d 168, 181-82, 409 N.W.2d 417 (Ct. App. 1987), interpreting our public records law, WIS. STAT. §§ 19.31-19.37, which declares "a presumption of complete public access" to records of "any court of law." Secs. 19.31-19.32(1). When analyzing issues involving the protection of court records, we have used both tests. *See, e.g.*, *C.L.*, 140 Wis. 2d at 181-82 (applying only the public interest test to a request to seal court documents); *Estates of Zimmer*, 151 Wis. 2d 122, 128-30, 131-32, 442 N.W.2d 578 (Ct. App. 1989) (separately applying each test and concluding that both tests required opening the pertinent court records); *Krier v. EOG Env't, Inc.*, 2005 WI App 256, ¶¶9, 18, 23-25, 288 Wis. 2d 623, 707 N.W.2d 915 (concluding that the circuit court failed to consider an element of the administration of justice test and remanding for consideration of both tests); *State v. Stanley*, 2012 WI App 42, ¶¶29-31, 340 Wis. 2d 663, 814 N.W.2d 867 (discussing both tests but applying the administration of justice test only in analyzing newspaper's request to unseal court records). Here, we need not determine which test to use because the result is the same under either test.

¶26    When no statutory or common law exceptions to the rule of openness exist, we have also approved protective orders governing court records when "permitting inspection would result in harm to the public interest which outweighs the legislative policy recognizing the public interest in allowing inspection." *Zimmer*, 151 Wis. 2d at 132. Under this exception, the party seeking a protective order governing a court record bears the "burdening oar of proof" to show an "overriding public interest in closure." *Krier*, 288 Wis. 2d 623, ¶¶23-24. That party may not rely on his or her *individual* privacy interest, but rather only on "the public's interest in protecting [the individual's] privacy." *Zellner v. Cedarburg Sch. Dist.*, 2007 WI 53, ¶17, 300 Wis. 2d 290, 731 N.W.2d 240. The "public interest in protecting the reputation and privacy of citizens … is *not* equivalent to an individual's personal interest in protecting his or her own character and reputation," and "the public interest in protecting individuals' privacy and reputation arises from the public effects of the failure to honor the individual's privacy interests, and not the individual's concern about embarrassment." *Linzmeyer v. Forcey*, 2002 WI 84, ¶31, 254 Wis. 2d 306, 646 N.W.2d 811.

¶27    This case requires that we analyze the circuit court's order pursuant to the Wisconsin statutory procedure and case law set out above. However, before conducting our analysis, we first address the parents' argument that we should instead apply what they represent to be the federal law on protection of a party's identity.

*C.  Parents' Proposed Law Governing Protection of a Party's Identity*

¶28    The parents represent that the federal courts in some cases permit parties to protect their identities by suing "anonymously" such that even the court itself does not know the parties' identities. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113,

124 (1973) (accepting as true for purposes of her case, Roe's "existence" and "pregnant state"); ***Doe v. Bolton***, 410 U.S. 179, 187 (1973) ("despite her pseudonym, we may accept as true, for this case, Mary Doe's existence and her pregnant state"). Under this procedure, it appears that a plaintiff's identity is protected without a motion to seal and without a protective order from the court because the court record is simply devoid of any information that identifies the plaintiff. *See, e.g.*, ***Roe v. Ingraham***, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (permitting plaintiffs to prosecute their suit "only by fictitious names" when "[p]laintiffs' attorneys have represented to the court" that "these fictitious names are actually representative of real and specific aggrieved individuals" and noting that such a procedure "was given implicit recognition by the United States Supreme Court in ***Roe v. Wade*** ... and ***Doe v. Bolton***").[6] The parents argue that because federal courts in some cases have protected parties' identities by permitting them to proceed "anonymously" as described above, Wisconsin courts must have the power to do the same, asserting, "Surely Wisconsin courts have just as much authority as federal courts to allow anonymity in the right cases."

---

[6] We note that the majority of the federal cases cited by the parents do not evince the use of such a procedure. Several use pseudonyms without explanation, *see, e.g.*, ***Doe v. Colautti***, 592 F.2d 704, 705 (3d Cir. 1979) (no comment on use of pseudonym); ***Plyler v. Doe***, 457 U.S. 202 (1982) (same), and several others indicate that the federal court, similar to the circuit court here, protected a party's identity through an order to seal that information pursuant to a protective order under which the party's identity was disclosed only to the court and to the attorneys involved in the case. *See*, *e.g.*, ***Doe v. Porter***, 370 F.3d 558, 561 (6th Cir. 2004) (court entered protective order under which only the court and counsel could learn plaintiffs' identities); ***Roe v. Aware Woman Ctr. for Choice, Inc.***, 253 F.3d 678, 687 (11th Cir. 2001) (plaintiff entitled to proceed pseudonymously as to the general public while disclosing her name to defendants under protective order); ***Doe v. Stegall***, 653 F.2d 180, 182 (5th Cir. 1981) (concerning protective order under which plaintiffs challenging prayer in schools would "disclose their identities to the defendants and to the Court" but proceed by using pseudonyms in public filings to prevent "disclosure to the general public").

¶29    The parents represent that the substantive law that the federal courts "uniformly apply" to requests for anonymity is "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).[7]  The parents cite federal cases in which courts "identify a variety of factors to consider" in applying this balancing test, including whether the litigation involves:  (1) minor children; (2) matters of a highly sensitive and personal nature; (3) deeply held beliefs; (4) a danger of retaliation; (5) a challenge to government action; (6) purely legal issues; and (7) a situation in which anonymity will not prejudice the opposing party.  They assert, citing *Krier*, 288 Wis. 2d 623, ¶23, that the federal test as they describe it is "equivalent" to the substantive Wisconsin rule governing orders to seal a court record and that Wisconsin courts should therefore adopt the federal test.  We disagree, for the reasons we now explain.

¶30    When addressing Wisconsin law, Wisconsin courts are bound by the decisions of Wisconsin courts.  *See State v. Muckerheide*, 2007 WI 5, ¶7, 298 Wis. 2d 553, 725 N.W.2d 930 (case law from other jurisdictions "is not binding precedent in Wisconsin, and a Wisconsin court is not required to follow it.").  As to the procedure for protecting a plaintiff's identity, the parents do not identify, and our research does not reveal, any Wisconsin case or statute authorizing a party to proceed "anonymously" in such a way that no filing containing the party's identity is included, even under seal, in the court record.  The parents argue that, in practice, "Wisconsin courts have regularly allowed plaintiffs to sue using pseudonyms," but

---

[7] We question whether the purported federal test is in fact "uniform."  *See* Donald P. Balla, *John Doe Is Alive and Well:  Designing Pseudonym Use in American Courts,* 63 ARK. L. REV. 691, 692 (2010) (discussing "the patchwork approach to pseudonym rules that has plagued the federal circuit courts" and considering what rules the United States Supreme Court should adopt "when it finally resolves the differences among the circuits.").

the cases they cite merely use pseudonyms in the captions and do not show that Wisconsin courts have permitted parties to proceed under the parents' proposed alternative procedure and without filing a motion to seal the information in the court records at issue. *See Doe 56 v. Mayo Clinic Health Sys.–Eau Claire Clinic, Inc.*, 2016 WI 48, 369 Wis. 2d 351, 880 N.W.2d 681 (no discussion of pseudonyms); *Milwaukee Teachers' Educ. Ass'n v. Milwaukee Bd. of Sch. Dirs.*, 227 Wis. 2d 779, 596 N.W.2d 403 (1999) (same); *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 565 N.W.2d 94 (1997) (same); *Doe v. Roe*, 151 Wis. 2d 366, 444 N.W.2d 437 (Ct. App. 1989) (same).

¶31     We decline to adopt such a procedure as a substitute for Wisconsin's clearly delineated statutory procedure, under which a party seeking to protect its identity may do so through a motion to seal, and may file the identifying complaint under temporary seal while awaiting the court's decision on the motion. *See* WIS. STAT. § 801.21(2) ("A party seeking to protect a court record … shall file a motion to seal …. The information to be sealed or redacted may be filed under a temporary seal, in which case it shall be restricted from public access until the court rules on the motion.").[8]

¶32     As to the substantive legal principles governing protection of a party's identity, we decline to adopt the purported federal balancing test (assuming without deciding that there is a uniform federal test) because it is contrary to, not equivalent

---

[8] The parents also argue that affirming the circuit court's order here would inappropriately curtail the authority of Wisconsin courts "to allow anonymity in the right cases" and "would have broad ramifications" because it would "force plaintiffs in important but sensitive cases out of state court and into federal court." This argument lacks merit for reasons we have explained. Wisconsin circuit courts have the power to enter as restrictive a protective order as is warranted, taking into account the facts and circumstances of a particular case and the public interest or the administration of justice. The Wisconsin statutory motion to seal procedure allows parties to file sensitive information under temporary seal while awaiting the circuit court's disposition of the motion. WIS. STAT. § 801.21(2) and (4).

to, the Wisconsin balancing test. As the parents represent it, the federal test, under which "the plaintiff's need for anonymity" is weighed against the public interest in openness, *Sealed Plaintiff*, 537 F. 3d at 189, is at odds with the Wisconsin balancing test, under which only the public's interest in protecting the party's identity, not the plaintiff's private interest, is weighed in the balance. *Krier*, 288 Wis. 2d 623, ¶23 (strong presumption favoring access "may be overcome only by a showing of an overriding public interest in closure"); *Linzmeyer*, 254 Wis. 2d 306, ¶31 ("public interest in protecting the reputation and privacy of citizens … is *not* equivalent to an individual's personal interest").

¶33 Having clarified that Wisconsin law governs our review of the circuit court's order in this case, we now proceed to our analysis applying that law.

### III. Analysis

¶34 To repeat, the circuit court ordered the parents, if they wished to proceed, to file under seal and pursuant to a protective order an amended complaint stating their identities such that their identities would be disclosed only to the court and the attorneys for the litigants. Also to repeat, the parents challenge only that portion of the court's order providing for disclosure to the parties' attorneys.[9] Reviewing the circuit court's order to seal for an erroneous exercise of discretion, *see Krier*, 288 Wis. 2d 623, ¶23, we conclude that the parents fail to show that the circuit court erroneously exercised its discretion in issuing its order.

---

[9] The parents assert in their reply brief that they "have offered to disclose their identities to the Court alone in a sealed complaint." The parents cite no portion of the record in support of this assertion. As stated above, the parents did offer to submit unredacted versions of their affidavits for the circuit court's in camera review. Nonetheless, we understand their assertion on appeal to mean that the parents do not object to revealing their identities to the court in a sealed amended complaint.

18

¶35 The record shows that the circuit court applied the appropriate standard of law in analyzing the parents' request to seal information in the court record. The parents did not in the circuit court and do not now assert that their request is subject to any blanket legal exception to Wisconsin's general rule of open court records. The court considered the "administration of justice" test when it concluded that an unsealed public record of the parents' identities risked frustrating "the orderly function" of the judicial process. *See Bilder*, 112 Wis. 2d at 556 (circuit court has power to restrict access to court records if so required by the administration of justice). The court considered the "public interest" test when it explicitly explained that it was exercising its discretion in fashioning its order and that it was balancing "the public's right to know … against situations where that right is outweighed by other concerns" and concluded that the public's interest in preventing the potential harassment of the parents and disruption of the legal process outweighed the presumption of openness. *Krier*, 288 Wis. 2d 623, ¶¶23-24 ("overriding public interest in closure" may warrant sealing court records).

¶36 As summarized above, the circuit court considered whether an order sealing the parents' identities from some or all of the attorneys for the litigants was necessary to achieve the end of protecting the parents from harassment and ensuring the smooth administration of justice in this case. It concluded that, because the attorneys could be expected to keep the parents' identities confidential and because the parents' proposed restrictions would entangle the court in the attorneys' work and potentially impede the defense, such an order was not appropriate or necessary. *See* WIS. STAT. § 801.21(4) (court will use "least restrictive means necessary" in sealing court records). Based on this record, we conclude that the parents fail to show that the circuit court erroneously exercised its discretion. *See Krier*, 288 Wis. 2d 623, ¶23 ("An erroneous exercise of discretion occurs if the court fails to

19

exercise its discretion, the record demonstrates that the facts do not support the [circuit] court's decision, or the [circuit] court applied the wrong legal standards."). We now address in turn the parents' three arguments to the contrary.

¶37   First, the parents argue that the circuit court failed to conduct an appropriate balancing of considerations or to apply any "legal standard" because it concluded that it "lacked authority" to grant the parents' request. This argument is refuted by the record. The court recognized that it had the "authority" and "discretion" to fashion an order sealing the parents' identities with terms that it concluded were "appropriate," and its multiple questions to the parents regarding whether there was any reason to distrust any of the attorneys involved in this case show that the court was aware of its power to impose a more restrictive order. The court's statements about lacking authority plainly refer only to the parents' request to proceed as initially outlined in their "motion to proceed using pseudonyms," by which the parents sought to litigate this case without filing, even under seal, a court record stating their identities. As explained, the record shows that the court balanced appropriate considerations and exercised its discretion in evaluating the parents' various requests pursuant to the Wisconsin law described above.

¶38   Second, the parents argue that the circuit court erred because its order to file under seal "would expose [the parents'] identities to an unreasonably large group of people" because the "lawyers (and associates, paralegals, secretaries, interns, etc.)" involved in this litigation number "well over a thousand, if not in the thousands." This argument fails because the court's determination that its order adequately mitigates such risks is supported by its findings of fact that the attorneys involved in this litigation can be expected to honor the court's order and to responsibly supervise non-lawyers performing work on this case. *See Peplinski v. Fobe's Roofing, Inc.*, 193 Wis. 2d 6, 20, 531 N.W.2d 597 (1995) (we will uphold

the circuit court's exercise of discretion if we can locate facts of record that would support the circuit court's decision).  The parents point to no evidence in the record that show these findings of fact to be clearly erroneous.  *See Arias*, 311 Wis. 2d 358, ¶12 (We uphold a circuit court's finding of fact unless it is clearly erroneous, that is, if "it is against the great weight and clear preponderance of the evidence.").

¶39     The parents assert that, although they "do not mean to suggest, and have no reason to believe, that Defendants' counsel will intentionally violate a protective order," the harm of a leak "cannot be undone" and "contentious, high-profile cases like this provide a strong temptation for a leak."  Such speculative harms are not enough to show that the parents' proposed terms for an order to seal are the "least restrictive means" available, WIS. STAT. 801.21(4), to protect the parents from harassment.  *See Zimmer*, 151 Wis. 2d at 137 ("speculative reference" to relatives' fear that disclosure of court documents could occasion further contact with perpetrator of deceased relatives' murders did not justify closure); *C.L.*, *v. Edson*, 140 Wis. 2d 168, 174, 184, 409 N.W.2d 417 (Ct. App. 1987) (affirming circuit court's decision to redact identifying references to minor plaintiffs and to deny plaintiffs' request for a more restrictive seal of the court records when plaintiffs showed only "potential harm" for which there was "no factual foundation").  The parents have failed to show "with particularity" that the administration of justice requires a more restrictive protective order.  *See Krier*, 288 Wis. 2d 623, ¶¶18, 19 ("necessary element" of particularity "as to the adverse impact disclosure would produce" must be proven by the party seeking closure); *Bilder*, 112 Wis. 2d at 556–57 ("party seeking to close court records bears the burden of demonstrating, with particularity, that the administration of justice requires that the court records be closed").

¶40    Third, the parents argue that they are entitled to a more restrictive order than that issued by the circuit court because: (1) their identities are "entirely irrelevant" to the "purely legal" issues that this case raises; and (2) their suggested alternative orders would present a "lack of prejudice" to the other parties in this case. These are two of the factors that the parents represent are considered by federal courts. *See Sealed Plaintiff*, 537 F. 3d at 189.

¶41    This argument lacks merit because neither of these two factors are weighed in the balance in Wisconsin case law, under which only an "overriding public interest in closure," *Krier*, 288 Wis. 2d 623, ¶¶23-24, or the requirements of the "administration of justice," *id.*, ¶9, can justify an exception to our general public policy of democratic openness.[10] *See Bilder*, 112 Wis. 2d at 553 (policy of open court records "reflects a basic tenet of the democratic system that the people have the right to know about operations of their government, including the judicial branch, and that where public records are involved the denial of public examination is contrary to the public policy and the public interest"). "The courts have been the great repositories of personal liberty, and their obligation is not only to see that the conduct and performance of executive and legislative officials is open to public scrutiny, but to maintain for themselves the high standards that they prescribe for others." *State ex rel. J. Co. v. County Ct. for Racine Cnty.*, 43 Wis. 2d 297, 312-13, 168 N.W.2d 836 (1969).

¶42    Importantly, the parents do not offer any developed argument that Wisconsin law entitles them to a more restrictive protective order. They do not argue that the more restrictive terms they proposed are required by "the

---

[10] This is not to say that Wisconsin courts may not, in the exercise of their discretion as part of their analysis under the Wisconsin tests, weigh any factors identified by the federal courts.

administration of justice," ***Bilder***, 112 Wis. 2d at 556-57, or that public interest in keeping their identities confidential from the attorneys for the parties outweighs the court's obligation to protect the parents' identities using the least restrictive means necessary. *See* ***C.L.***, 140 Wis. 2d at 181 (seal permitted when public interest in keeping a court record confidential outweighs the public policy of open court records). Conclusory assertions do not substitute for a developed argument that the circuit court erred. *See* ***Associates Fin. Servs. Co. of Wis., Inc. v. Brown***, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (this court may decline to consider conclusory and undeveloped arguments that are not adequately briefed).

¶43 Overall, the gravamen of the parents' argument is that we should weigh their asserted grounds for protecting their identities differently than did the circuit court. Contrary to the parents' contentions throughout their briefing, the court weighed the parents' interests in a more restrictive protective order and explained why it determined that, under "the facts of this case" and "balancing the considerations sought by the [parents]," the "appropriate course of conduct was to require disclosure of the names under seal with a protective order for [the court's and the] attorneys' eyes only." To repeat, as an appellate court we do not reweigh or rebalance the factors considered by a circuit court in fashioning a discretionary protective order. ***Krier***, 288 Wis. 2d 623, ¶22 (we do not "exercise the [circuit] court's discretion.").

¶44 In sum, the parents have failed to show that the circuit court erroneously exercised its discretion in ordering the parents to state their identities in a sealed amended complaint pursuant to a protective order under which the parents' identities would be disclosed only to the court and to the attorneys for the parties.

## CONCLUSION

¶45    For all the reasons stated above, we affirm.

*By the Court.*—Order affirmed.